Opinion of the Court.
THE plaintiff below brought an action of debt on the following note, assigned to him, to wit:
“ Georgetown, 8th Sept. 1819—Twelve months after date. I promise to pay to Robert H. Wilmot, or order, nine hundred and fifty dollars, forty eight cents, for value received, as witness my hand, the date above written. The above sum will be received in any good current bank paper.
(Signed) JOHN W. CAMPBELL.”
The declaration sets out the note, with its last clause, but styles that clause a condition annexed to the note. After setting out the assignments, it concludes with the common conclusion of non payment, without any averment that the note was not discharged in bank paper. The defendant craved oyer and demurred ; but the court gave judgment on the demurrer for the plaintiff, for the debt and interest, without the intervention of a jury. From this judgment the defendant appealed.
Where a note is given for the payment of a sum certain in money, with a permission to the defendant to discharge it in bank paper, the declaration ought to contain an averment that it was not paid in bank paper.
An action of debt cannot be maintained on a note for the payment of a liquidated sum in bank notes.
1. Even if this note could be understood as a positive agreement to pay that sum of money, in legal Currency, with a permission to the defendant below to discharge it in bank paper, we do not perceive how the judgment on the demurrer could be supported, without proper averments, showing that the debt was not discharged in proper time, in bank notes. But we do not decide against the judgment on that ground; for we do not construe this note, as the appellee appears to have done, a note for legal currency with a condition ; but a stipulation to pay so many dollars, not in the currency of the Union, but in that kind of bank paper which currently passes among us, as a substitute for money, and which is enumerated in dollars and cents, as specie is. The last clause of the note shows that the draftsman had omitted the words, “ in current bank paper,” and the parties made this additional clause, to supply that omission, and as explanatory of what the payment should consist. As, therefore, the action of debt can only be sustained to recover a liquidated sum of money in numero, it follows, that this action cannot be sustained, and that the plaintiff has mistaken his remedy ; for we are aware of no rule, that places bank paper on different grounds from other commodities, where a stipulation exists engaging the delivery of it. And although it passes as money among us, from necessity, yet we see no reason for breaking down, in its favor, the great barriers which separate one remedy from another, and which are placed by time and experience, and no doubt with great wisdom, in our code of laws.
The judgment must, therefore, be reversed with costs, and directions to the court below to dismiss the suit with costs.