Judge Trimble
delivered the opinion of the Court.*
THE plaintiffs in the court below brought an action of debt against the defendant, and declared upon a writing executed on the 30th day of June 1821, by which the defendant promised to pay to the plaintiffs $527, sixty days after the date of-said writing; to be paid in Philadelphia funds. The defendant having .failed to plead,•judgment was rendered against him by default, for $527, with interest thereof) after the rate of six per centum per annum, from the 29th day of August 1820, until paid;
To reverse that judgment, the defendant prosecutes this writ of error; and the only question that need now be decided, is, whether an action of debt will lie on the writing declared upon.
In Bacon’s Abridgement, vol. 2, p. 279, debt is defined to be, “an action founded on contract, eitherex-Press or iuiplied, in which the certainty of the sum or duty appears; and, therefore, the plaintiff recovers the same in numero, and not to be repaired m damages, by jurH as th°se actions Which sound only in damages; as assumpsit, trover, &c.” ■ And Blackstone, in his Commentaries, vol. 3, p. 153, says: “ The legal acceptation of a debt, is a sum of motíey due by certain and express agreement, where the quantity is fixed and specific, and doés not depend oil any subsequent valuation to settle it.” .
From these authorities it is evident, that to maintain ftii action of debt, the contract must be for money; it fnust be for a sum certain, and it fnust be specifically recoverable. In this case, the contract is not for money, but for Philadelphia funds. It is not for a sunf certain; because, for a failure to perform the contract, on the part of the defendant, a jury may or may not give interest on the sum, by way of damages. Beither is the thing contracted for, specifically recoverable. The plaintiffs might, in an appropriate action, recover the value of the Philadelphia funds, in damages; and a jury, in their discretion, might, in addition to the value, give them interest oti that value; but they cannot, in *59 any form of action known to the law, recover Philadej-phia funds, specifically.
it pan be maintained may be rendered for the
Covenant isr the re“e<i;g obligativa,
Bibb, for plaintiff; Depew, Crittenden, &c. for defect dants.
And the doctrine is clearly settled, that debt will not lie, but where, according to established forms and precedents, judgment can be rendered for the very thing contracted for, and net for damages only. Watson vs. M’Nary, 1 Bibb 856; Bruner vs. Kelso, 1 Bibb 487; Campbell vs. Weister, 1 Litt. Rep. 30.
If the defendant had offered' a plea of tender of §527 in.money, on the day that the obligation fell due, it is evident that the plea would have been no bar to the action. The plaintiffs had conlracted. for Philadelphia funds, and the defendant had bound himself to pay Philadelphia funds; and if the funds had been tendered, at the time, the plaintiffs could not have refused them, and recovered the money.
Upon the whole, we are. of opinion that debt will not he on the obligation, and that the proper remedy is an action ol covenant, to. recover damages tor a failure to perform the contract.
The judgment must be reversed with costs, and the-cause remanded to the court below, with directions, to, render judgment for the defendant in that court.

 Absent, Judge Davidgbí