Parker, J.
The justice of this case seems clearly to be with the plaintiff in the court below, and 1 have felt much inclined to sustain the judgment, if it could be done without breaking down the barriers which separate one remedy from another. But upon reflection, I think debt was not the proper form of action.
The action of debt only lies for money (or tobacco, under the act of assembly) and the plaintiff recovers the sum in numero, and not a compensation in damages, *516 they being merely nominal. For any collateral thing, debt will not lie. Buller’s N. P. 167.
Bank notes are not money, although they pass generally as money by common consent, and answer in some sort the purposes of money. Money is the coin issued or adopted by the sovereign authority, and made a legal tender in payment of debts.
The obligation upon which this suit is brought promises to pay “the sum of 813 dollars 79 cents in notes of the United, States bank or either of the Virginia banks,” on or before the 1st day of September 1834. Is this a note for the payment of money, with a condition ? or is it, in substance as well as form, a stipulation to pay bank paper currently passing among us as a substitute for money, and “ which is enumerated in dollars and cents as specie is?” See Campbell v. Weister, 1 Litt. 30.
I think it is substantially a mere contract to pay bank notes to a certain specified amount,.expressed in words as appropriate as any other to signify how much bank paper was to be paid, and is equivalent to an engagement to pay bank notes amounting to 813 dollars 79 cents, or so many bank notes as on their face will nominally make that sum. To pay 100 dollars in bonds or bank paper, means bonds or notes calling for that sum, which the obligors or banks are bound for. It is the same thing in law as an engagement to pay the 813 ' dollars 79 cents in 800 busheis of wheat, or in any other commodity whose quantity is ascertained, as the amount of the bank notes in this case is ascertained. And if so, an action of debt will not lie, unless it would lie upon a promise to pay a fixed quantity of any commodity of fluctuating value. In this respect there is no difference between bank paper and any other commodity. Paper may rise or depreciate in value before the day of payment; and if the day passes when the contract is to be fulfilled, the measure of the obligee’s rights, and of the obligor’s liabilities, is the value of the notes *517 on that day, to be ascertained by the verdict of a jury, and awarded in damages.
In looking into the cases, some confusion maybe duced, unless we recollect that in this case the quantity of the bank notes is fixed, and that the insertion of the 813 dollars 79 cents has no reference to current coin, but to an amount of bank notes which nominally represents so much coin ; the same terms being always used in the enumeration of both currencies. We may find that a note payable in produce generally, has been decided to be a note for the payment of money. Bollinger v. Thurston, 2 Rep. Con. Ct. 447. (South Carolina) cited 1 Selw. N. P. 4th american edi. 448. So the case cited at the bar from And. 177. 2 Bac. Abr. title Debt. A. p. 617. in notis. of a sum of money “payable in watchesbecause, says the authority, the number of the watches is not certain. And this probably gives the clue to the proper distinction, although it has not been always regarded. In such cases of indeterminate quantity, there can be no other measure of damages than the named sum, and the intervention of a jury is unnecessary. The named sum must necessarily be the amount of the debt, which is then precisely ascertained. But where the named sum is to be paid in any determinate quantity of a collateral article, subject to fluctuation in its market price, the value of that article is the thing due, and as it may be more or less than the named sum for which the creditor is willing to take the article, it must be estimated in damages by a jury.
The mention of a sum in dollars and cents, which could not be fully paid in bank notes, does not in my judgment affect the principle. The same difficulty might occur if the payment was to be made in horses or wheat, and the jury can as well estimate the value of 813 dollars 79 cents in bank notes, as in any other commodity. It is bank paper the obligors engage to pay and the obligee to receive, and if it is not paid at the day, it is its value then which may be claimed in damages.
*518 The abstract principle stated in Crawford v. Daigh, 2 Va. Cas. 521. may be correct where the quantity or amount of the commodity is not fixed, but under no other circumstances. The cases on this point in Kentucky (which I do not refer to as authority) go much farther than it is necessary to go here, and farther than I should be willing to carry the doctrine limiting the action of debt, aíj I am at present advised. See Campbell v. Weister, 1 Littel 30. January v. Henry, 3 Monroe 8. Noe v. Preston, 5 Marshall 57. Sinclair v. Peircy, Id. 63. and Brown’s ex’ors v. Durbin’s adm’r, Id. 170.
On this point, and on this alone, I am for reversing the judgment.
Tucker, P.
By the note in this case the plaintiffs in error promised to pay to Charles Lewis on a given day «the sum of 813 dollars 79 cents in notes of the United .States bank or either of the Virginia banks.” Upon this note an action of debt was brought, and the defendants demurred to the declaration. Their demurrer was overruled, and judgment entered for 813 dollars 79 cents with interest and costs, to which judgment the defendants obtained a supersedeas.
The action of debt will only lie upon a money or tobacco bond. An obligation to deliver wheat or bullion, or bank notes, will not sustain such action. For it is determinate in its character, and does not generally lie where the amount of the recovery in money must be ascertained by evidence of value and by the intervention of a jury. It is true that it has been in some cases decided, that an action of debt will lie on a promise to pay a sum of money in a collateral article,provided the time is past when the payment was to be made. Thus in the case cited at the bar, debt was held to lie upon a promise to pay £ 20. in watches. The debt was clearly ascertained and determinate. The defendant having failed to make payment in watches, which *519 was an Indulgence to him, became liable to pay money; for it is obvious that no action of any kind could lie for the watches themselves. Debt or covenant were the only remedies which the creditor could have, and in cither he could only recover money, and in both he must have recovered identically the same sum, to wit, £ SO. As then money only could be recovered, and the sum to be recovered was determinate, debt well lay for it.
The true question, then, in this and all similar cases, is whether the contract is to pay money, or whether it is a contract for bank notes. Thus, if I contract to pay A. B. ten 50 dollar notes of the bank of the United States, this is clearly no money contract, and debt therefore will not lie. Assumpsit or covenant will be the proper action, according to the nature of the instrument; and the amount of the recovery will not necessarily be 500 dollars, but may be less, if at the day of payment the notes were not worth that sum. But if I promise to pay 1000 dollars, and the creditor agrees to receive payment in bank notes at their current value, debt will lie for the 1000 dollars, if I fail to avail myself of the privilege, because I am. to pay 1000 dollars at any rate, whether in money or in bank notes to the value of 1000 dollars. I lake the distinction, then, to be this. Where the promise is to pay a determinate sum in an article of fluctuating or uncertain value, if the quantity is not fixed, so that the debtor must pay the full amount of the debt whether the price of the article be high or low, debt will lie for the demand. But if the quantity be fixed, so that at the day of payment it may fall short of the debt, there debt will not lie, because the essence of the contract was the delivery of the article, and the creditor can only recover the value. As, if I acknowledge myself to owe 500 dollars payable in wheat at a certain day, and 1 fail to deliver the wheat, at the day, debt will lie; for I owed the full sum of 500 dollars, *520 -whether I paid it in coin or wheat. But if I promise to pay 500 dollars by the delivery of 500 bushels of wheat, there debt will not lie, though the day be past; for peradventure the wheat at the day of payment was worth less than 500 dollars.
What then was the real character of this contract ? To me it is obvious that the defendants were indebted to the assignor Lewis in the sum of 813 dollars 79 cents, for which, however, they were not willing to give their note payable in coin. On the other hand, their creditor was willing to take payment in bank notes to that nominal amount. Whereupon they gave their note promising to pay, on a. certain day, the sum of 813 dollars 79 cents in bank notes. It cannot be questioned but that they might, at the day, have discharged the note by the tender of notes of the specified banks to the nominal amount, however depreciated they might be. And though the day be past, yet the creditor can only demand that to which he is entitled by the contract. What was the contract ? To pay so much in bank notes. Suppose 'them depreciated one half. Then if they had been paid at the day, he would have received in value only 406 dollars 89 cents. And if so, the failure to pay them was an injury to him to that amount, and no more. That alone he had a right to recover. And hence it is obvious that debt could not lie; for the creditor could neither recover the 813 dollars 79 cents (for that sum was not due to him) nor could he recover any less sum, for the amount due never could be known until ascertained by the verdict of a jury.
It will be remarked that I have considered the quantity of the collateral article as fixed; and as it is of fluctuating and uncertain value, the amount of the creditor’s demand in money must consequently be indeterminate. I think I have not erred in this interpretation of the contract. The promise is indeed not to pay 813 *521 dollars 79 cents in money, but to pay that sum in bank notes ; and as it is evident that the arrangement was intended to enable the debtor to pay in notes and not in specie, the meaning clearly was that he should pay that amount in notes at their nominal and not at their current or market value. If so, the amount or quantity was ii'ced, and the value of that amount was indeterminate, as the article is of fluctuating value.
There are several cases in the 'Kentucky reports on this subject, as also the case of Crawford v. Daigh, 2 Va. Cas. 521. But as they cite no authority, I have thought it best to consider the case upon principle, without seeking support from the former, or yielding to the authority of the latter.
I am of opinion, therefore, that the action in this case was misconceived, and that the judgment must be reversed : a. result that I truly regret, ns it is very clear that when this judgment was rendered, the bank notes were at par value, and the amount of the recovery justly due; and moreover, that as the notes were at par on the day of payment, the defendants must be liable for the par value, whatever may be the'form of action hereafter pursued; so that in this case we have the mortification of finding the justice of the case defeated by technicality.
Brooke, J. concurred. Judgment reversed.