## YOUNG v. SCOTT, adm'r.

1. An action of debt will not lie on a promise under seal to pay a sum of money in current bank notes.

Error to the Circuit Court of Benton.

Debt by the plaintiff as assignee of John Twitty, against the defendant in error.

The declaration contains two counts, in both of which the instrument sued on is declared upon as a sealed instrument, executed by one Dunlap Scott, for the payment to John Twitty, on the

23d of October, 1826, of one thousand dollars, in current bank notes. Profert is made of the deed, and an allegation that it was assigned to the plaintiff.

The second count is the same as the first, with the addition, that the writing obligatory sued on, is alleged to be a sealed instrument by the laws of the State of North Carolina, where it was made and executed.

The defendant craved oyer of the instrument sued on, and demurred to each count in short, by consent. The instrument was not set out on oyer. The court sustained the demurrer, and rendered judgment for the defendant.

The plaintiff assigns for error, the judgment of the court on the demurrer.

Moore, for plaintiff in error cited, 1 Chitty's *Pleading*, 417, 660.

Rice, *contra*, cited 1 Stewart, 579; 1 S. & P. 244; 2 ib. 128; 2 Ala. Rep. 397; Story's Con. of Law, 467, 475.

ORMOND, J.—One question which it appears was intended to be presented is not raised upon the record. It appears from the declaration that the instrument sued on, is a writing obligatory. The plea appears to have been designed to question this, but as the instrument is not set out on *oyer*, it is impossible for this court to say whether it is a bond or simple contract; this point therefore, is not in a condition to be considered in this court.

The other question is, whether debt will lie upon a bond promissing to pay " one thousand dollars in current bank notes."

There has been some contrariety of decision as to the legal effect of a note payable in the notes of chartered banks. In New York, it has been held that such a note is negotiable. [Keith v. Jones, 9 Johns. Rep. 120; Judah v. Harris, 19 ib. 144.] In Ohio, South Carolina and Pennsylvania, a different doctrine prevails. [McCormick v. Trotter, 10 S. & R. 94; Linge v. Kohne. 1 McCord, 115; McClain v. Nesbit, 2 Nott & McCord, 519.]

So also in Kentucky, it has been held that such a note will not sustain an action of debt. [Campbell v. Wister, 1 Litt. Rep. 30.]

In this State, at an early period of this court, it was held that

debt would not lie on a promise under seal, to pay a sum certain in current bank notes. [Jackson v. Waddill, 1 Stewart 579.] This decision has been acquiesced in since that time, and ought not to be disturbed, unless it is clearly wrong. It is one of the highest duties of courts of justice, to give effect to contracts as the parties understand them at the time they were made, if not contrary to law, and we cannot doubt that in all such cases as the present, the debtor expects to pay, and the creditor to receive, bank notes of the numerical amount of the obligation in its discharge. In such a case, to compel the debtor to pay in the precious metals the same amount in dollars, which he promised to pay in bank notes, would be doing him the greatest injustice, and would be in effect, to change the contract to his prejudice.

It has been sometimes said, that bank notes are *quasi money*, but we are painfully admonished at the present time, that bank notes have but few of the attributes of coin; being unstable and fluctuating in their value, they cannot, in any just sense, be considered money, and therefore, upon such a note an action of debt cannot be maintained. The measure of damages for a breach of the contract not being the sum in *numero*, which the obligation calls for, but the value of the bank notes in coin at the time the payment is to be made.

Let the judgment be affirmed.