# CARLISLE v. DAVIS.

1. Where a cause has been tried upon an issue of fact, and verdict judgment thereupon, it will be intended on error, that a demurrer to the declaration, found in the record, which does not appear to have disposed of, was withdrawn by the defendant.

2. Where an action is brought upon a promissory note, with an affidavit of its loss, if the plaintiff has it, at the trial it may be read to the jury.

3. A writing in the form of a promissory note for the payment of a sum of money " in the common currency of Alabama," is not an undertaking to pay the sum expressed in coin, but in bank notes, which was the common currency of the State when the writing was made; consequently it is inadmissible under a declaration describing it as a promissory note for the payment of a sum *in numero*, and unassisted by other proof, it will not sustain a recovery upon the common counts in assumpsit.

4. *Quere*—If the defendant demurs to the evidence adduced by the plaintiff, and the jury notwithstanding return a verdict, and such judgment was rendered a s would have been proper on the demurrer, is the failure to withdraw the cause from the jury available on error?

Writ of error to the County Court of Perry.

Carlisle v. Davis.

THIS was an action of assumpsit, at the suit of the defendant in error against the plaintiff. The first count is on a promissory note, dated the 16th of September, 1842, for the payment of one hundred and fifty dollars, on the first day of January thereafter, to the plaintiff, in Alabama money. To this the common counts are added. There was a demurrer to the first count, and *non assumpsit* and set off, pleaded to the other counts in particular, and also to the entire declaration. No notice seems to have been taken of the demurrer, but the cause was put to the jury on the issues of fact, who returned a verdict in favor of the plaintiff for the amount of the note and interest, and judgment was thereon rendered.

On the trial, the defendant excepted to the ruling of the Court. From the bill of exceptions, it appears that the plaintiff offered to read to the jury a promissory note, subscribed with the defendant's name, of the following tenor, viz: "By the first day of January next, for value received in the rent of land, I promise to pay William C. Davis, one hundred and fifty dollars, in the common currency of Alabama. Sept. 16th day, 1842." And having proved the signature of the maker, offered to read it to the jury, to which the defendant objected; but his objection was overruled, and the note was read. The plaintiff further proved, that the note in question had been lost, as appeared from an affidavit made before the commencement of the suit, and the recital in the declaration, but had been since found, and here closed his testimony. The defendant offered no evidence, but demurred to that adduced by the plaintiff. It is not shown that the County Court disposed of the demurrer, or in any manner noticed the same.

A. GRAHAM, (of Perry,) for the plaintiff in error.

THO. CHILTON, for the defendant.

COLLIER, C. J.—In respect to the demurrer to the first count of the declaration, it must be considered as waived, by the defendant's going to trial without objection, upon the issues of fact. This we have so often held, that it cannot be necessary to cite the numerous cases to the point.

The objection to the admission of the note to the jury was general, without specifying for what cause it was made; and

it is here assigned as error in terms equally indefinite. If it had been placed upon the ground that the note was alledged to have been lost when the suit was commenced, we should not hesitate to say, that the subsequent finding would not prejudice the plaintiff's right of recovery. In such case, the note would not only be admissible evidence, but having found it, the plaintiff could not of course prove its loss at the trial, and if he could not use it to sustain his action, he would be constrained to dismiss his suit, and commence *de novo.* No reason, resting upon principle, is perceived, why such a result should be coerced. If such a course were necessary, this would be to make the plaintiff's good fortune, in recovering the evidence of his debt, a real misfortune to him.

But the note should have been excluded, upon the ground that it is not correctly described in the declaration, and does not support either of the common counts. In Young v. Scott, adm'r. 5 Ala. Rep. 475, after noticing the course of decisions in this and other States, we held, that an action of debt would not lie upon a note to pay a sum certain, in *current bank notes.* The reasoning which led to the conclusion attained in that case, was, that bank notes were not money, although they might profess to be its representatives; that the payee did not expect to receive, nor the maker to pay the numerical sum in coin: and that under such circumstances, the measure of the recovery, would be the value of the bank notes reduced to the specie standard, at the time the note matured, with interest.

The note given in evidence in the present case is payable in the *common currency of Alabama.* Currency is a word of extensive application. It means, among other uses, a continual passing from hand to hand, and circulation; as the currency of coin, bank bills, bills of credit, &c. As applied to contracts to pay money, it must be understood in the sense in which the parties intended it, if their intention can be ascertained. We can have no difficulty in determining its meaning in the case before us. The laws of this State have provided for the establishment of Banks, and the emission of a vast paper circulation as the representative of money. This paper we must know at the time the note in question was made, was the *common currency;* it was paid and received in all ordinary

transactions, though it had depreciated greatly below its par value.

This being the case, the note must be regarded as a promise to pay a sum *in numero* in bank bills, and to it, the rule reiterated in Young v. Scott, which admeasures the recovery by the value of the bills, must be applied.

It will result from this view that the note is not correctly described in the first count. There it is said that the promise is to pay in *Alabama money,* which it has been held, is in legal effect, an undertaking to pay in gold or silver. [Carter and Carter v. Penn. 4, Ala. Rep. 140.] Under the first count then the note was inadmissible.

In respect to the common count, without deciding what would have been its effect if assisted by other proof, we are satisfied that *per se* it was insufficient to sustain either of them; because it is not a promise to pay money *prima facie* it was inadmissible, and to have changed the phase of things in this respect, if allowable, the plaintiff should have proposed it in connection with other evidence which was pertinent and material.

Conceding that the demurrer to the evidence was interposed in such form, that the County Court should have withdrawn the cause from the jury, and rendered a judgment without their aid, yet if the verdict and judgment thereon, were such as the judgment should have been upon the demurrer, we would not be inclined to reverse it for a mere harmless irregularity. The record does not state the demurrer, so as to enable us to determine whether it should have been entertained; and we need not add more upon this point of the case.

It sufficiently appears from what has been said, that the judgment must be reversed, and the cause remanded.

GOLDTHWAITE, J—I do not controvert that the opinion just pronounced, is in accordance with previous decisions in this State at an earlier period; but I take occasion to express my dissent from the conclusion, that an undertaking to pay in Alabama money, has the legal effect to warrant a recovery for a less sum in specie.