Mr. Justice Clayton
delivered the opinion of the Court.
The plaintiff in error brought an action against the defendant, to recover a large sum, alleged to have been stolen by his slave. The declaration contained two counts ; thev first charged, that the sum stolen was five thousand three hundred and ninety dollars in money; the second charged it to have consisted of certain banknotes. The form of action was 'debt. To the declaration a demurrer was filed, stating various causes. 1st. That the money and goods, charged to have been stolen, are not sufficiently described. 2d. That the allegation of the conviction does not state whether it was as principal or as accessory. 3d. That no legal conviction of the slave is set out. 4th. That the action should have been case ; and 5th. That there is no statute which authorizes the action. The Court below sustained the demurrer, and gave judgment for the defendant.
*604 The first cause of demurred assigned, is without any weight. Neither do we attach any importance to the second. Upon the general allegation of conviction, the intendment is, that it was as principal, without farther words, — and if the fact were not so, the defendant might show it. The objection to the legality of the conviction, urged as the third cause, is, that the trial of the slave was had before a Justice of the Peace, which it insisted was unauthorized under our present Constitution. Were there no clause in that instrument touching the subject, but the one cited in argument, the question might not be free from difficulty. But among its general provisions, this clause occurs in regard to slaves. “ In the prosecution of slaves for crimes, of which the punishment is not Capital, no inquest of a grand jury shall be necessary ; but the proceedings in such cases shall be regulated by law.” The legislature has thought proper to confide the trial of slaves for this offence to a Justice of the Peace, and as the punishment is not capital, we think it was competent for them to do so.
We shall next consider the last cause assigned, that there is no statute which authorizes the action. If this point be sustainable, it was useless to have considered any other. It is contended that the statute (How. & Hutch. 164, 165), on which the suit is brought, does not embrace this case, but only gives a remedy, where the master or slave is in possession of the property stolen. If this is its extent, legislation was unnecessary if it stopped at this point, for certainly upon Common Law principles, if one man has property in possession which, belonged to and was stolen from another, it might be recovered from him. We cannot give.to the statute so restricted a construction, especially as its terms are broad enough to comprehend this case. Nor can we yield our assent to the position of counsel, that the statute applies to cases of petit, and not of grand larceny. Its words might perhaps have been more explicit, but in our view they contemplate the liability of the master in either instance.
The remaining objection relates to the form of action. It is often a difficult task to discriminate between the different kinds of action, and it not unfrequently happens, that either of two forms might be adopted with equal propriety. Yet in some instances a partic *605 ular form is so peculiarly appropriate, that no other could be adopted without violating the settled rules of pleading, If it were money which was stolen in this case, then no doubt the action of debt might be sustained, upon the statute. That action lies when the claim is for a sum certain, or for a pecuniary demand which can be readily reduced to a certainty ; and this is the rule in regard to actions upon statutes as.well as others. 1 Ch. PI. 112. But if it were, not money, but bank-notes which were stolen, then the 'action of debt will not lie, because in the fluctuation and changes to which they are liable, it is often no easy matter to ascertain their value. If a promissory note or sealed instrument, were given to pay a certain amount in bank notes, or other specific articles, debt could not be sustained upon it. Hicklin v. Tucker, 2 Yerg. 448; Gamble v. Hutchins, Peck’s R. 130; Campbell v. Weister, 1 Litt. 30.
The same rule must be applicable to this case, and if bank notes form the subject of this action, then debt would not lie. As there are two counts in the declaration, one charging the property stolen to be money, and the other bank-notes, the;Court upon the demurrer cannot judicially know which of the two counts is intended to be relied on at the trial. The demurrer cannot be sustained as to the first count, but may be as to the second. The judgment of the Court below is therefore reversed ; and proceeding to give the judgment which that Court should have given, we direct the demurrer to be overruled as to the first count in the declaration, and sustained as to the other.
Judgment reversed, and cause remanded.