## BANK OF MOBILE *vs.* BROWN.

[ACTION ON BANK-CHECK, BY ENDORSEE AGAINST DRAWER.]

1. *A bank check payable in Confederate currency ; not an instrument payable in money.*—A bank check drawn by a bank in Mobile, on a bank in New Orleans, on the 23d April, 1862, payable in currency, is not an instrument *payable in money*, and is not negotiable paper, within the meaning of the law merchant.

2. *Same ; protest not necessary to fix liability of drawer.*—A protest was not necessary to fix the liability of the drawer of such an instrument, but the check should have been presented for payment within a reasonable time after it was drawn and delivered, and prompt notice of its non-payment given to the drawer.

3. *Questions raised by the charge in court below only, noticed on appeal.*—A charge that "if the check was *paid for* in Confederate money, and the liability on the check did not arise, until after Confederate money ceased to be of value, the plaintiff can only recover nominal damages, if he can recover anything," does not raise the question, and the *main one,* whether the check was *to be paid* in Confederate money, and this latter question cannot be raised for the first time on appeal.

4. *Charge on part of evidence.*—Such a charge would have authorized the jury to give the plaintiff nominal damages only, in the event of their finding that the check was *paid for,* in Confederate money, irrespective of the question as to whether it was understood or agreed, when the check was drawn, that it should be discharged by a payment in Confederate money, and would have, in effect, withdrawn from them the latter question, and for this reason, if for no other, the charge was properly refused.

APPEAL from the City Court of Mobile.
Tried before the HON. H. CHAMBERLAIN.

THIS action was brought by John M. Brown, against the Bank of Mobile ; was commenced on the 16th March, 1866, and was founded on a bill of exchange or bank check, of which the following is a copy :

"$1500 00            BANK OF MOBILE,            }
                     Mobile, 23d April, 1862.   }

Pay this, my second check, first unpaid, to the order of

Thomas H. Rawls—fifteen hundred dollars, (payable in currency.)

Original.                    J. S. GREEN, Cashier.

Merchants' Bank, New Orleans.

Endorsed, Thomas H. Rawls."

The second count of the complaint was in these words : "Plaintiff claims of defendant fifteen hundred dollars, it being the amount of a check drawn by defendants in favor of Thomas H. Rawls, and by him duly endorsed to plaintiff, on the day of its date, dated the 23d day of April, 1862, and upon and directed to the Merchants' Bank of New Orleans, and plaintiff avers, that at the time of drawing said check, war existed between the government of the United States and the government of the Confederate States, and although Louisiana and New Orleans were within the limits of the Confederate States, it was at the date of said check in the military occupancy of the United States, and all intercourse between Mobile, the place where the check was drawn, and New Orleans, was interdicted by the government of the United States, which then held the city of New Orleans ; plaintiff further avers that as soon as trade and intercourse was re-opened between the city of Mobile and New Orleans, so that it was lawful for him to go to New Orleans and present said check, that said check was presented and payment demanded, which was refused, of which said defendant had due notice. Therefore, he claims of defendant the amount of said check, with interest from the day of presentation and demand of payment, to-wit, from the first day of May, 1865, all which is due and unpaid." No objection was interposed to the complaint. The defendant pleaded, "non-assumpsit, in short by consent," and issue was joined on this plea. On the trial at the spring term, 1867, as the bill of exceptions shows, the plaintiff read in evidence the check upon which the action was founded ; the defendant objected to its introduction, unless accompanied by a protest of its non-payment. And the court overruled the objection, stating that the protest of such an instrument for non-payment, was not necessary to make the drawer liable, and said check

was admitted in evidence to the jury; to which ruling the defendant excepted. The court charged the jury, among other things, "that upon the non-payment of a bank check, such as that sued on, a formal protest, as in cases of bills of exchange, is not necessary, to make the drawer liable; but to make the drawer liable, the check should be presented within a reasonable time, at the bank, on which it is drawn, and payment of it demanded, and in case of non-payment, notice thereof should be given to the drawer, within a reasonable time; that the law does not fix a certain time within which demand of payment is to be made; that the time depends on circumstances; that if there is war between the two countries or sections of country, as the late war between the South and the North, and a check is drawn on a bank in a city, which before a reasonable time for the presentation of the check has elapsed, has fallen into the possession of the forces of the adverse party; whilst such possession and hostilities exist, the check need not be presented; that if, however, the check in this case was presented at the bank in New Orleans, during the war, and payment in fact demanded, and refused, then defendant was entitled to notice, within a reasonable time of the non-payment, and if such demand was made, and due notice of non-payment was not given, then the plaintiff could not recover," and to this charge defendant excepted. The defendant requested the court to give the following charges: "1st. That the check should have been protested and notice thereof given to the defendant, before the plaintiff can recover. 2d. If the check was paid for in Confederate money, and if the liability on the check did not arise against the defendant, until after Confederate money ceased to be of value, the plaintiff can only recover nominal damages, if he can recover anything. 3d. The plaintiff cannot recover if the check was not presented at the bank in New Orleans, until the middle of May, 1865, or thereafter;" all of which charges the court refused to give, and the defendant excepted. The errors assigned are, permitting the check to be read as evidence, without being accompanied with protest of non-payment, and the rulings of the court on

the charge given, and its refusal to give the charges asked.

ALEX. McKINSTRY, for appellant.
DARGAN & TAYLOR, contra.

JUDGE, J.—It is unnecessary to discuss or decide the question, whether *bank checks payable in money*, are, or may become negotiable under the law merchant; and to what extent, if any, such checks are governed by the commercial law, as to days of grace, protest, and notice. For authority upon this question, however, see 2 Parson's on Notes and Bills, 58, and cases cited in notes on pages 58 and 59. Neither is it necessary that we should determine what influence, if any, section 1834 of the Revised Code, taken in connection with section 1838, has upon the question; said sections reading as follows: "Bills of exchange, and promissory notes payable in money at a bank or private banking house, are governed by the commercial law, except so far as the same is changed by this Code." "*All other instruments payable in money*, at a bank or private banking house, are governed by the commercial laws, as to days of grace, protest, and notice." The reason why it is unnecessary either to discuss or decide these questions, is, that the instrument sued on in the case before us, *is not payable in money*. And not being payable in money, it is not negotiable paper within the meaning of the law merchant.—2 Parson's on Notes and Bills, 58; *Little v. Phœnix Bank*, 2 Hill, (N. Y.) 425; *Leiber v. Goodrich*, 5 Cowan, 186; *Thompson v. Sloan*, 22 Wed. 73, and numerous cases there cited. Such, too, has been the settled law of this State for a period of more than twenty years.—*Young v. Scott*, 5 Ala. 475; *Carlisle v. Davis*, 7 Ala. 42. And the principle of these decisions has been adhered to in later cases.

It results that a *protest* was not necessary in the present case, to fix the liability of the drawer. But, notwithstanding this, it was necessary to charge the drawer, that the check should have been presented for payment within a reasonable time after it was drawn and delivered, and that

prompt notice of its non-payment should have been given to the drawer. Were these requisites of the law complied with? We have carefully examined the charge of the court in relation to them, and are satisfied that no error was committed therein.

2. The measure of damages for the breach of a contract to be discharged by payment in Confederate States treasury notes, is the value of such notes, at the time fixed for payment by the contract.—*Kirkland v. Moulton*, decided the present term. This question is not involved in any ruling of the court below, and consequently there is nothing for us to revise in relation to it. The defendant below did not ask the court to charge the jury that "if the check was *paid for* in Confederate money, and if the liability on the check did not arise until after Confederate money ceased to be of value, the plaintiff can only recover nominal damages, if he can recover anything." But the refusal to give this charge does not raise the question ; the main question was not whether the check "was *paid for* in Confederate money," but was it to be *paid in* Confederate money ? This inquiry was not embraced in the charge; consequently, the refusal of the court to give the charge was not a decision upon the question, one way or the other. The record, it is true, shows it was in evidence before the jury, that the check was drawn to be paid in Confederate States treasury notes ; but no action of the jury having been asked upon this evidence by an appropriate charge, and the record not showing that any charge was given by the court adversely to appellant upon it, the question is not presented in a revisable shape. And such would be our conclusion, even if the bill of exceptions purported to set out all the evidence, which it does not do, for no rule is better settled, than the one that this court, in the exercise of its appellate jurisdiction, in cases like the present, will not permit questions to be raised for revision for the first time, on appeal ; all revisable questions must be made, and passed upon in the court below, to secure a revision of them by this court.

But there is another ground upon which the charge in question was properly refused. Had it been given, the jury would have been authorized to give the plaintiff nom-

inal damages only, in the event of their finding that the check was *paid for*, in Confederate money, irrespective of the question as to whether it was understood or agreed, when the check was drawn, that it should be discharged by a *payment in* Confederate money. The consideration of the evidence in relation to the latter question would, in effect, have been withdrawn from the jury by the charge.

3. There was no error in the refusal of the court to give either of the other charges requested by app llant.

It results from what we have said, that the judgment must be affirmed.