## PYNES ET AL. vs. THE STATE.

[APPEAL FROM JUDGMENT RENDERED BY CIRCUIT COURT, SUPERSEDING JUDGMENT RENDERED ON FORFEITED UNDERTAKING OF BAIL, AND RESTRAINING COLLECTION OF EXECUTION, &C.]

1. *Petition for rehearing; when judgment of circuit court in relation to, will not be disturbed.*—A judgment on a petition for rehearing will not be reversed because the petition is informal, unless its deficiencies have been assailed by demurrer or plea in the court below.
2. *Undertaking of bail; what sufficient excuse for default.*—The death of the accused, who is the principal obligor in an undertaking of bail, before the forfeiture of the obligation by default of the accused to appear, is sufficient to excuse him for such default.
2. *Same; what excuses sureties*—In such a case, what excuses the principal obligor, excuses the sureties also. . The law does not require an impossibility of them—that is, to make a dead man appear in court and excuse his default.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The opinion states the facts.

JOHN W. A. SANFORD, Attorney-General, for appellant.
W. C. OATES, *contra*.

PETERS, J.—This is an application to a circuit judge
for a rehearing. On April 20th, 1868, the State of Ala-
bama, for the use of Henry county, obtained judgment
final against Pynes and others, on a forfeited undertaking
of bail, for the sum of five hundred dollars, and costs of
suit. Execution was issued on this judgment. On July
the 24th, 1868, within four months after the rendition of
the above judgment, upon the petition of Pynes and the
other defendants in said judgment, the honorable judge of
the 8th judicial circuit of this State, granted an order to
supersede this execution on said judgment and to restrain
the collection of the same, and for a rehearing on said
judgment, under the statute in such case made and pro-
vided. The petition for rehearing showed that the accused
in said undertaking of bail, who was the principal obligor,
was dead before the rendition of the judgment *nisi* upon
which said final judgment was rendered. There was no
demurrer or objection to the petition for rehearing on said
final judgment, and upon the hearing of the same, both
parties being in court by their attorneys, the court gave
judgment that the supersedeas previously granted as afore-
said " be made perpetual, and that the State of Alabama
be forever restrained from enforcing the execution in this
case on a judgment rendered at the spring term, 1868, for
the sum of five hundred dollars ; and that the defendants
in this *sci. fa.* pay the costs, as a condition precedent, for
which execution may issue." There was no bill of excep-
tions taken and signed on said trial of said rehearing on
said petition, and no objection of any kind reserved upon
the record. From this judgment, rendered as abovesaid
upon said rehearing, the State appeals to this court, and
here assigns for error—1st, " The order directing the super-
sedeas ;" 2d, " The judgment perpetuating the superse-
deas."

There can be no doubt that the learned judge of the
circuit court had authority to make the necessary order for
the supersedeas, and to allow the rehearing. This author-

ity is given by the Code.—Revised Code, §§ 2814, 2815, 2816, 2818. Then, as the court below had jurisdiction to grant the relief asked, this court will not presume that it proceeded erroneously, unless this is apparent from some objection or exception reserved in the record, on the trial below, by plea or by bill of exceptions. But nothing of this sort was done on the trial below.

The first assignment of error questions the sufficiency of the causes set forth in the petition for the rehearing. If the petition was sufficient, then the court did not err in making the order for supersedeas. Such an objection should have been made by demurrer to the petition in the court below. It can not be made in this court for the first time.—*Bank of Mobile v. Brown*, 42 Ala. 108, 112; *Stewart v. Goode et al.*, 29 Ala. 476.

The second assignment of error is equally untenable. The cause was submitted to the decision of the judge without the intervention of a jury. In such a case, the judgment will not be disturbed, unless error is affirmatively shown.—*Ethridge v. Malempre*, 18 Ala. Rep. 565; *Barnes v. Mayor and Aldermen of Mobile*, 19 Ala. 707.

The death of the accused before the undertaking of bail is a sufficient cause for his default to appear according to its stipulations. It would be impossible for a person who is dead to appear in court, and the law does not require a party to do an impossible thing. The death of the accused would discharge him from a compliance with the obligation of bail. And what discharges the principal, also discharges the sureties.—Coke, Litt. 231, *a*; 1 Bouv. Inst. *n*, 851; *Whetstone et al. v. Motley*, at January term, 1871. Here the relief asked in the petition, was based on the fact that the accused, who was the principal in the obligation of bail, was dead before the forfeiture. This was sufficient to sustain the judgment of the court below, although very informally alleged.—*Dothard v. Teague*, 41 Ala. 583.

Let the judgment of the court below be affirmed.