HENRY A. MIX, Appellant, v. MOSES NETTLETON, Appellee.

APPEAL FROM WINNEBAGO.

An action of debt will not lie upon an obligation which says, due one thousand and fifty dollars, payable in county orders, of such size and dimensions as the promissor may be able to furnish; such an obligation not being for the money named, but for the things to be furnished.

A motion in arrest is preserved, although the overruling of it is not excepted to, it questions the sufficiency of the record to sustain the judgment.

THIS was a suit in debt, by Nettleton against Mix, upon this instrument: "Due Moses Nettleton on demand, with interest, one thousand and fifty dollars, for value received, payable in orders on the county of Ogle and State of Illinois, of such size and denomination as said Mix may be able to furnish."

A plea of the general issue, and three special pleas, were filed to the declaration. To some of which, demurrers were sustained, and upon others issue was joined.

The action was commenced in Ogle county, but taken by change of venue to Winnebago, where there was a trial, and verdict for plaintiff, for debt, $955.50; damage, $614.44.

Motion for new trial and in arrest of judgment overruled.

Plaintiff remitted $435.53 debt, and $322.29 damages. Judgment for $520.17 debt, and $292.15 damages.

Appeal prayed and allowed.

B. C. COOK, for Appellant.

This was an action of debt, brought upon a note payable in Ogle county orders.

An action of debt will not lie upon such an instrument. *Campbell* v. *Weister*, 1 Littell, 30; *Bruner* v. *Kelso*, Bibb, 487; *Watson and McCall* v. *McNairy*, 1 Bibb, 357; *Mattox* v. *Craig*, 2 Bibb, 584; *Sinclair* v. *Piercey*, 5 J. J. Marsh. 63; *Delarry* v. *Darwell and Reader*, 5 Yerg. 451; *Bierne* v. *Dunlap*, 514; *Scott* v. *Conover*, 1 Halst. 222; *Wilson* v. *Hickson*, 1 Blkf. 230; *Osborn* v. *Fulton*, 1 Blkf. 234; *Young* v.

*Scott*, 5 Ala. 475; *Hudspeth* v. *Grey*, 5 Pike, 157; *Smith* v. *Dunlap*, 12 Ill. 184.

LELAND & BLANCHARD, for Appellee.

The record in this case contains no exception to the decision of the court overruling the motion for a new trial and in arrest, there is no allusion made to these motions in the bill of exceptions. The appellant cannot, therefore, in this court, object that the motion for a new trial was disallowed. 11 Ill. 72.

WALKER, J. The action of debt will not lie on this instrument. This question has been before the various courts of this country, and seems to have been uniformly held the same way. The decisions are, that a contract of this character is not for the money named, but for the thing to be paid. And that debt will only lie for a sum specifically certain. *Watson* v. *McNairy*, 1 Bibb, 357; *Mattox* v. *Craig*, 2 Bibb, 584; *Bruner* v. *Kelso*, 1 Bibb, 487; *Campbell* v. *Weister*, 1 Littell, 30; *Delarry* v. *Reader*, 5 Yerg. 451; *Scott* v. *Conover*, 1 Halst. 222; *Wilson* v. *Hickson*, 1 Blkf. 230; *Osborn* v. *Fulton*, 1 Blkf. 234; *Young* v. *Scott*, 5 Ala. 475. These authorities are to the point, and decisive of the question.

By the motion in arrest the question was preserved, and this without excepting to overruling the motion. The decision on the motion in arrest is precisely of the same character as a judgment on a demurrer. They both alike question the sufficiency of the record to sustain a judgment.

The judgment of the court below is reversed.

*Judgment reversed.*