# Elmer Nichols

*v.*

## The People of the State of Illinois.

1. EXCEPTIONS — *when unnecessary*. It is not necessary to except to the decision of a court in overruling a motion in arrest of judgment, as such a motion saves itself upon the record, without the necessity of a bill of exceptions, that being necessary only when it is important to get some extrinsic matter upon the record.

2. INDICTMENT — *what defects are cured by verdict*. The want of a venue in the body of an indictment cannot be taken advantage of after verdict, but only by motion to quash the indictment.

WRIT OF ERROR to the court of common pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. C. J. METZNER, for the plaintiff in error.

Mr. C. BLANCHARD, State's Attorney, for the people.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The prisoner was indicted in the Court of Common Pleas of the city of Aurora, in the county of Kane, for larceny. The indictment charged that the defendant, late of the city of Aurora, on, etc., one horse of the value of $100, one single covered buggy of the value of $80, and one single harness of the value of $30, then and there being found, of the goods and chattels of Joel Jenks, did then and there feloniously steal, take and drive away, etc. The venue in the margin is stated in the usual form.

The prisoner was found guilty and sentenced to the penitentiary for one year, a motion for a new trial having been overruled and exception taken. A motion in arrest of judgment was also overruled, and unnecessarily excepted to, as such a motion saves itself upon the record, without the necessity of a bill of exceptions, that being necessary only when it is important to get some extrinsic matter upon the record.

Upon the motion for a new trial, the jury were the judges of the intention with which the property was taken by the prisoner, and with their decision we will not interfere, especially as we think the evidence justified the finding that the property was taken with a felonious intent.

As to the want of a venue in the body of the indictment, the answer to that is, that no motion was made to quash the indictment, and the want of a venue cannot be taken advantage of after verdict. Crim. Code, § 163; Scates' Comp. 503.

Perceiving no error in the record, the judgment must be affirmed

*Judgment affirmed.*