## Abe Guggenheim et al. v. Mose Hoffman.

1.  VENDOR AND VENDEE—*duty of latter with respect to rejection of merchandise.*  It is the duty of a vendee to examine merchandise delivered by a vendor and to accept or reject the same within a reasonable time after receipt.

2.  CUSTOM—*when proof of, competent.*  A local custom as to the time within which goods purchased are ordinarily examined and accepted or rejected, is competent in an action to recover the purchase price of such goods.

Action in assumpsit.  Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.  Heard in this court at the February term, 1906.  Reversed and remanded.  Opinion filed September 14, 1906.

LOGAN B. SKIPPER, ALBERT D. RODENBERG and CHARLES H. HOLT, for appellants.

J. J. BUNDY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On November 15, 1904, appellants, who are manufacturers of and wholesale dealers in men's ready-made clothing, in Philadelphia, Pennsylvania, through their traveling salesman, sold to appellee, a retail clothing merchant of Centralia, Illinois, a bill of clothing, amounting to the sum of $653.50.  The goods sold consisted of two-piece light weight men's clothing for summer wear, to be shipped March 15, 1905, dated June 1, 1905, with a discount of seven per cent., if paid within ten days.  At the time of the sale, the salesman made

out a written memorandum, showing the lot number, quantity, sizes, price, etc., of the goods purchased, below which was written, "must be as above." The goods were manufactured according to the terms of the order, as claimed by appellants, checked and packed in boxes, shipped to appellee in due season and received by him on March 22, 1905. Appellee states that on receipt of the goods he went through them and kept them in the house. Not having immediate use for the goods, however, he permitted them to remain in the boxes until May 11, 1905, at which time he took them out, and, as he claims, found that a portion of the garments did not comply with the order, for the reason that the sizes did not correspond with those named on the memorandum. On the same day he returned to appellants by freight a portion of the goods and wrote them a letter notifying them of that fact, and saying: "I regret very much that the order was filled contrary to instructions. I gave your salesman scale of pants wanted with coats, and since they did not come as desired, I am returning as above." Appellants refused to receive the goods and wrote appellee saying: "If you had advised upon receipt of these goods that there were some changes to be made, we would have given the matter our prompt attention, as it is our will at all times to be of service to our customers, and please them at each instance, but asking us at this late day, when our season is over and yours just beginning, to accept the return of half your original shipment, is rather unreasonable, and as stated above, we will absolutely refuse the acceptance of the goods and have so informed the transportation company, for they are your property, and at maturity of the invoice we will look for your remittance for the full amount of the bill."

On June 12, 1905, appellee sent appellants a check for $341.55 in payment of the bill, less $286.25, the amount of the merchandise returned and the discount of $25.70, but appellants refused to accept the check and returned the same to appellee. Afterwards appel-

lants brought suit in assumpsit for the full amount of their bill. To the declaration, which consisted of a special count upon the contract and the common counts, appellee pleaded the general issue and a tender of $341.55. A jury having been waived, the court found for appellee as to the excess of the claim over the amount tendered, and gave judgment against appellants for costs.

The most important question presented by this record and the one to which the arguments on both sides of the case are almost wholly confined, is, did appellee retain the goods shipped him an unreasonable length of time before notifying appellants and returning such goods as he claimed did not correspond with the order? As a general rule it is the duty of a purchaser to examine the goods purchased within a reasonable time after their receipt by him, and immediately upon discovering that they are not of the character called for by the contract, to so notify the vendor. The question as to what constitutes a reasonable time in a particular case, depends upon the circumstances surrounding the case as established by the evidence. Doane v. Dunham, 65 Ill. 512; Underwood v. Wolf, 131 id. 425.

One of the most important factors in determining whether the particular time was reasonable or not, in cases such as this, is the existing usage or custom relating to such trade. "While usages of trade cannot be set up to contravene established rules of law, or to vary the terms of an express contract, yet all contracts made in the ordinary course of business without particular stipulations, express or implied, are presumed to be made in reference to any existing usage or custom, relating to such trade; and persons dealing therein will be held as intending that the business should be conducted according to such general usage and custom." Chisholm v. Beamon Com. Co., 160 Ill. 101; Samuels v. Oliver, 130 id. 73; Lonergan v. Stewart, 55 id. 44.

Witnesses residing in Centralia testified on behalf

of appellants, that the custom and usage of trade between manufacturers and wholesalers of merchandise and retailers, was that goods received by the retailers should be inspected and unsatisfactory goods returned or claims for shortages made within five to ten days after the receipt of the goods. To meet this evidence, appellee was permitted, over the objection of appellants, to testify concerning his own particular custom in regard to the opening and returning goods, and that he sometimes retained goods as long as two months after receiving them and then opened them up and returned what he found contrary to the order. Two witnesses who had been in the employ of appellee also testified, over the objections of appellants to the same effect, concerning the custom of appellee. It was not shown that appellants knew of the custom of appellee in the particular in question and with that knowledge sold him the goods; consequently it must be presumed that both parties dealt according to the known general custom and usages of that market. The question was not what the custom of appellee was, but what was the general custom and usage of the market at Centralia. While it was proper to prove the general custom of the trade, evidence of the private practice of appellee, of which appellants had no notice, was not competent. Catlin v. Traders Ins. Co., 83 Ill. App. 40.

For the error in admitting appellee's evidence concerning his private practice in regard to the examination of goods purchased by him, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*