**A. Guggenheim et al., Plaintiffs in Error, v. Mose Hoffman, Defendant in Error.**

1. EVIDENCE—*when expert testimony incompetent. Held,* in this case, that it was error for the court to permit witnesses engaged in the clothing business to testify as to what would be a reasonable time in which to open, inspect and return a bill of goods. The facts and circumstances should be shown, and the ultimate question as to what was such reasonable time left for the determination of the jury.

2. INSTRUCTIONS—*must not give undue prominence to particular facts.* An instruction is improper which singles out and gives undue prominence to a particular fact in controversy.

*Assumpsit.* Error to the Circuit Court of Marion county; the Hon. A. M. Rose, Judge, presiding. Heard in this court at the February term, 1909. Reversed and remanded. Opinion filed November 13, 1909.

A. D. Rodenberg, Logan B. Skipper and Charles H. Holt, for plaintiffs in error; Max Herzberg, of counsel.

J. J. BUNDY, for defendant in error.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This case was before this court at a former term (128 Ill. App. 289) and was reversed and remanded for a new trial.

Another trial has resulted in a verdict and judgment for defendant in error, hereinafter called defendant, to reverse which this writ of error has been prosecuted. The former opinion contained a sufficient recital of the facts which were substantially the same on this trial as on the last, and we deem it unnecessary to repeat them except in so far as it may be found necessary to a discussion of the alleged errors argued in the brief of plaintiffs in error, hereinafter called the plaintiffs.

It was a disputed question in the case, upon which there was a conflict in the testimony, whether the goods shipped defendant and received by him on March 22, 1905, were in compliance with the order made by him in respect to the size of various garments. He claimed they were not, and for this reason endeavored to rescind the contract of sale in part by shipping back to plaintiffs such goods, and keeping those which corresponded with the order.

After the goods were received by defendant, he kept them in the boxes and did not unpack and examine them until May 11, following their receipt, and the main question of fact on the trial was whether (conceding the goods were not in conformity with the order) this was a reasonable length of time in which to examine them, give notice to plaintiffs, and return them.

Upon the submission of this question to the jury, it is urged the rulings of the court both as to the admissibility of the evidence and the instructions were erroneous.

In its former opinion, the court announced the general rule that "it is the duty of the purchaser to exam-

ine the goods purchased within a reasonable time after their receipt and immediately upon discovery that they are not of the character called for by the contract, to so notify the vendor. The question as to what constitutes a reasonable time in a particular case depends upon the circumstances surrounding the case as established by the evidence." And the court further announced that "One of the most important factors in determining whether the particular time was reasonable or not * * * is the existing usage or custom relating to such trade. 'While usages of trade cannot be set up to contravene established rules of law or to vary the terms of an express contract, yet, all contracts made in the ordinary course of business without particular stipulations, express or implied, are presumed to be made in reference to any existing usage or custom, relating to such trade, and persons dealing therein will be held as intending that the business should be conducted according to such general usage and custom.' "

We adhere to these rules as stating correct principles as applied to this case. The court over the objection of plaintiffs, permitted witnesses engaged in the clothing business to testify as to what would be a reasonable time in which to open and inspect and return a bill of summer goods received on March 22 of the year in which the goods were to be placed on sale, and were permitted to express their opinions of what would be a reasonable time. One witness expressed the opinion that he would consider "any time before the bill was due a reasonable time." Another "any time before the early part of May." And another "any time before the goods were placed on sale."

This testimony was irrelevant and it was error to admit it. In the absence of any express stipulation, it was implied that defendant would examine, and in case of any breach of the terms of the contract in the quantity or quality of the goods, return them within a reasonable time. This action on his part was due the plaintiffs in order that they might not be unreasonably

delayed in again placing the refused goods on the market. It was proper to prove relevant and material facts and circumstances from which the jury could infer the ultimate fact whether defendant had examined and returned the goods in a reasonable time.

It was not a question of science or skill, or one that involved technical or peculiar knowledge, and the jury being competent to draw their own conclusions from the fact without the aid of such testimony, it invaded the province of the jury and was not competent.

Plaintiffs complain of the refusal of the following instruction:

"The court instructs the jury that while every manufacturer impliedly contracts with the person for whom an article is made in absence of a special contract, to the contrary, that the article manufactured shall be reasonably fit for the purpose for which it is made, yet, if after goods are manufactured and delivered to the purchaser and accepted by him, after a reasonable time for inspection without making any objections, he will be held to have waived any defect that could have been discovered by a reasonable inspection."

We are inclined to the opinion that this instruction states a correct principle of law and should have been given.

Error is assigned upon the first, second and third instructions given by the court on behalf of defendant. Without setting them forth in *haec verba*, it is sufficient to say each one singles out for special comment particular portions of the evidence for the jury to consider in determining whether the defendant examined the goods in a reasonable time giving them undue prominence. This should not be done. Holmes v. Hale, 71 Ill. 552; Martin v. Johnson, 89 *id.* 537; C. B. & Q. R. R. Co. v. Warner, 108 *id.* 538.

An instruction should not select part of the evidence on a particular question and call the attention of the jury to it and omit other evidence entitled to consid-

eration upon the same question.   Hoge v. People, 117
Ill. 35.

For the errors indicated, the judgment is reversed
and the cause remanded.

*Reversed and remanded.*