## Louis Horn, Appellee, v. Harry W. Young et al., Appellants.

## Gen. No. 17,045.

1. APPEAL AND ERROR—*effect of absence of bill of exceptions.* In an action of *assumpsit* the absence of a bill of exceptions may preclude the consideration of various assignments of error other than error in overruling a motion in arrest of judgment.

2. FRAUD—*when motion in arrest of judgment will not lie.* Where a declaration in *assumpsit* avers that the defendant sold the plaintiff an interest in his ticket brokerage business for a certain sum upon representations that the business was paying a certain income when it was paying an income greatly less, and that the defendant knew he was enjoined from continuing the business of selling certain tickets and withheld the fact, a motion in arrest of judgment is properly overruled.

Appeal from the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 4, 1912.

A. B. CHILCOAT, for appellants.

M. G. SLOCUM, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This is an appeal from a judgment rendered in the Circuit Court of Cook county on July 11, 1910, for $300 and costs, in favor of plaintiff and against defendants. The record does not contain any bill of exceptions. Only one of the various errors assigned is before us upon the record in this case, namely, the alleged error of the court below in overruling the appellants' motion in arrest of judgment; none of the other assignments of error can be considered in the absence of a bill of exceptions. The action was one in *assumpsit,* and based upon the alleged fraud of appellants in selling to appellee a one-half interest in their business as

ticket brokers for $300, upon representations that the business was paying an income of from $15 to $50 per day, when, in truth, the business was paying an income of only about $1 per day.

The declaration further charged that at the time of the sale to appellee, appellants knew that they were restrained and enjoined from continuing the business of selling certain railway tickets, and withheld such fact from appellee. To the declaration defendants pleaded the general issue, and the case was brought to trial before a jury, resulting in a verdict and judgment as hereinbefore stated.

We think it clear that upon the pleadings there was sufficient to sustain the judgment. Therefore, the court below did not err in overruling appellants' motion in arrest of judgment. The judgment will be affirmed.

*Judgment affirmed.*