## Whitney, Inc. (corporation), Appellee, v. Fred L. Mandel and Blanche R. Mandel, Appellants.

### Gen. No. 25,187.

1. SALES, § 153*—*what constitutes acceptance of article purchased.* The retention of a garment, by the person for whom it was made, for a month without attempting to return it or notifying the maker that it is not satisfactory constitutes an acceptance of the garment.

2. HUSBAND AND WIFE, § 8*—*when article purchased is family expense.* Where a garment made for a married woman is accepted, it is kept for use and thus becomes a family expense for which the husband as well as the wife is liable.

3. HUSBAND AND WIFE, § 8*—*what are family expenses.* To render the purchase price of an article a family expense, it is not necessary that the article shall actually be used in the family as the term "use" is commonly applied, but it is a legal use, as contemplated by the statute, when such article is in the family for actual use when required.

4. HUSBAND AND WIFE, § 8*—*what clothing is family expense.* A wife's dress is among the articles for which both husband and wife are chargeable as a "family expense" under the statute.

Appeal from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed May 28, 1920.

ROBERT H. HOLMES, for appellants.

BAKER & HOLDER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellee brought suit to recover from appellants, husband and wife, the alleged agreed price of $173 for a cloth dress and guimpe sold and delivered to the wife at her request, averring in the statement of claims that the merchandise was for the benefit of their said

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

family.   The defense, in substance, was that appellee undertook to make said wife a suitable gown and promised it would be satisfactory, but failed to construct it properly and abandoned it while temporarily in appellants' possession.   A jury was waived and the court found the issues against appellants and rendered judgment for the sum aforesaid.

Appellants urge that the evidence did not show an express contract as declared on, nor that the garment had been "used," and hence the garment could not be classified as a family expense so as to render the husband liable.

We need not recite the evidence as to the contract, for the undenied testimony given for plaintiff tended to show an express contract for the goods at the agreed price as alleged.   Defendants' testimony related mainly to the alleged unsuitability or improper construction of the gown and to the question of its delivery and use.   That relating to its construction we need not consider if the garment was accepted, as the evidence tends to show, for it appears from the testimony for defendants that after the garment was delivered to the wife it was kept for nearly a full month before it was returned for alteration, which was made, but not to the wife's satisfaction.   No propositions of law were submitted, but the court may well have held that the retention of the garment for that length of time without either attempting to return it or notifying plaintiff that it was not satisfactory or properly constructed constituted acceptance (*Doane v. Dunham,* 65 Ill. 512; *Underwood v. Wolf,* 131 Ill. 425; *Guggenheim v. Hoffman,* 128 Ill. App. 289) ; and that having been accepted it was kept for use and so in law became a family expense, thereby rendering the husband as well as the wife liable.   As said in *Arnold v. Keil,* 81 Ill. App. 237, citing *Fitzgerald v. McCarty,* 55 Iowa 702, it is not necessary that the articles should be actually used in the family, as the word "use" is commonly applied.

"It is a legal use, as contemplated by the statute, when they are in the family for actual use when required." And there can be no doubt that a wife's dress is classified among the articles for which both husband and wife are chargeable as a "family expense" under the statute. (*Hyman v. Harding*, 162 Ill. 357.) Accordingly the judgment will be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE MATCHETT and MR. JUSTICE GRIDLEY concur.