(No. 13768.—Decree affirmed.)
MINNIE GREENWELL, Appellee, *vs.* LOUIS HESS, Appellant.

*Opinion filed June 22, 1921.*

1. PRACTICE—*motions and instructions must be preserved for review by bill of exceptions or stenographic report.* In actions at law all motions for a new trial and in arrest of judgment, and all instructions given and refused by the court, must be preserved in a bill of exceptions or stenographic report signed by the trial judge and filed as a part of the record in the case in order to preserve for review questions arising thereon; and such matters cannot be copied into the record by the clerk for consideration on review of the judgment.

2. SAME—*recital in judgment does not preserve for review a motion for new trial.* The recital in a judgment of a court that a motion for a new trial was made and overruled is not sufficient and does not preserve any question in the record concerning the overruling of the motion for a new trial.

3. WILLS—*questions arising in a will contest case must be preserved by bill of exceptions or stenographic report.* As the statute requires the submission of questions of fact to a jury in a will contest case, the record, as in cases at law, should contain a bill of exceptions or certificate of evidence or a stenographic report signed by the trial judge containing the motion for a new trial and the instructions of the court refused and given, in order to raise for review any question as to the sufficiency of the evidence to support the verdict or as to the giving or refusing of instructions.

4. SAME—*verdict in will contest case is as conclusive as in an action at law.* As the statute requires the issue in a will contest case to be made up and tried by a jury, the verdict is not advisory but is as conclusive as the verdict of a jury in an action at law.

APPEAL from the Circuit Court of Perry county; the Hon. J. F. GILLHAM, Judge, presiding.

M. C. COOK, for appellant.

B. W. POPE, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Minnie Greenwell, appellee, filed her bill in the circuit court of Perry county against Louis Hess, appellant, to set aside the probate of the last will and testament of Louis Hess, Sr., deceased, and to have the same declared void, charging that the deceased was mentally incompetent to make a will at the time of its execution and that the execution of the will was the result of undue influence on the part of appellant. The trial was before a jury, which found from the oral evidence that the instrument purporting to be the last will and testament of Louis Hess, Sr., was not his last will and testament.

The only errors argued upon this appeal, which is direct to this court, are, that the verdict of the jury is not supported by the evidence; the refusal of the court to give to the jury appellant's first refused instruction; and the refusal of the court to set aside the verdict and grant a new trial.

By his will the testator, after providing for the payment of all his just debts and funeral expenses, devised and bequeathed all of his property, consisting mostly of real estate, to his son, Louis Hess, except a one dollar legacy bequeathed to his daughter, Minnie Greenwell, appellee. Appellant, to sustain the will, introduced on the trial about thirty-five witnesses who had known the testator from five to forty years just preceding his death, most of whom were well and intimately acquainted with him. These witnesses were farmers, merchants, bankers, carpenters, barbers, miners and railroad men, many of whom were close neighbors

and had various business transactions and conversations with the testator before and after the execution of his will, the same being executed on the 27th day of March, 1916. About all of these witnesses, including the attesting witnesses, testified that the testator was of sound mind and disposing memory during their acquaintance with him and that they at no time discovered anything about him that led them to any other conclusion. About twelve witnesses testified on behalf of appellee upon the question of the testator's soundness of mind, the testimony of a number tending to show that he was afflicted for several years before the will was executed and up to his death, December 1, 1919, and that he was of unsound mind and memory. One physician testified on each side in support of the respective claims of the parties, and there was some evidence of undue influence offered in behalf of the appellee, which was strongly contested by witnesses for appellant. The evidence made a case for the jury to pass upon as to both issues.

The record in this case contains a bill of exceptions signed by the trial judge in which are contained the evidence and the rulings of the court on questions raised on the evidence. The bill of exceptions or certificate of evidence does not contain the motion for a new trial or the motion in arrest of judgment, and does not contain the instructions in the case that were given to the jury or those refused by the court. All of these matters are merely copied into the record by the clerk and were never made a part of the record by the certificate of the trial judge. There is also a written motion by appellant at the close of appellee's evidence to direct a verdict in favor of appellant but which is not a part of the bill of exceptions or certificate of evidence. No error is assigned for the denial of this last motion by the court, and if error had been assigned thereon there is no theory on which such motion could be sustained.

It is the well established rule in law cases, that in order to be preserved as a part of the record, all motions, includ-

ing motions for a new trial and in arrest of judgment, and all the instructions given and refused by the court, must be preserved in a bill of exceptions signed by the court and filed as a part of the record in the case. Under our present Practice act the same might be preserved by a stenographic report signed by the trial judge, but they cannot be copied into the record by the clerk as part of the record to be considered on a review of the judgment unless contained in such bill of exceptions, certificate of evidence or stenographic report. The recital in a judgment of a court that a motion for a new trial was made and overruled is not sufficient and does not preserve any question in the record concerning the overruling of the motion for a new trial. The same principles and rules apply with reference to these matters in a chancery proceeding wherein a statutory provision requires the submission of the questions of fact to a jury, as in the case now before us, as apply in cases at law. In the absence of a bill of exceptions or certificate of evidence in such cases in chancery, or of a stenographic report signed by the trial judge and made a part of the record and containing the motion for a new trial and the instructions of the court refused and given, no question can arise in a court of review on the sufficiency of the evidence to support the verdict or on error assigned for the giving or refusing of instructions. *Tucker* v. *Cole,* 169 Ill. 150; *Johnson* v. *Farrell,* 215 id. 542.

In this case the statute requires an issue in chancery to be made up and tried by a jury. The verdict is not advisory but is as conclusive as the verdict of a jury in an action at law. (*Biggerstaff* v. *Biggerstaff,* 180 Ill. 407.) Under the showing in this record the evidence cannot be reviewed by this court, and the verdict must be presumed to be correct and the record free from error as to the giving and refusing of instructions.

The decree of the circuit court is affirmed.

*Decree affirmed.*