## John M. McClunn, Appellee, v. John Gillespie, Appellant.

### Gen. No. 27,320.

MUNICIPAL COURTS—*sufficiency of statement of claim in action on contract.* In a fourth-class contract case in the municipal court of Chicago a statement of claim which alleges that the claim is for commissions in a specified amount for finding a purchaser ready, willing and able to purchase from defendant certain specified property, accompanied by an affidavit of claim that the cause is a suit upon contract for the payment of money and that there is due to plaintiff the sum sued for, is sufficient, even though it does not state a legal cause of action, especially where there has been a trial before court and jury with both parties represented and evidence introduced.

Appeal by defendant from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed January 10, 1923.

CALLAHAN & CALLAHAN, for appellant.

HENRY M. HAGAN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On August 30, 1920, the plaintiff, McClunn, filed in the municipal court a præcipe and statement of claim in a fourth-class contract case against the defendant, Gillespie. The statement of claim is as follows: "Plaintiff alleges his claim is for a commission of $150 for finding a purchaser ready, willing and able to purchase from the defendant the premises at 8005 Burnham avenue, Chicago, $150." The affidavit of claim attached to the statement of claim recites "that the said cause is a suit upon contract for the payment of money; that the nature of plaintiff's demand is as stated; and that there is due to plaintiff from the defendant * * * the sum of one hundred and fifty dol-

lars.'' On September 11, 1920, the defendant was duly served with an alias summons. On September 20, 1920, the defendant entered his appearance, and demanded a jury trial. He filed no pleading. On March 11, 1921, the cause came on for trial, a jury was summoned, evidence heard, arguments made by counsel, and a verdict rendered finding the issues for the plaintiff, and assessing the plaintiff's damages at the sum of $150. Counsel for the defendant moved for a new trial, which on March 19, 1921, together with a motion in arrest of judgment, was overruled, and on the same date judgment on the verdict in the sum of $150 was entered in favor of the plaintiff and against the defendant. From that judgment an appeal was taken to this court.

It is now contended by counsel for the defendant that the statement of claim did not state a cause of action, and that, therefore, the motion in arrest of judgment should have been allowed.

There is before us no bill of exceptions, but only the common-law record. The question arises, just what averments are essential in a statement of claim in actions of the fourth class in the municipal court? Section 40 of the Municipal Court Act [Cahill's Ill. St. ch. 37, ¶ 428] provides that, in such cases, the statement of the plaintiff's claim, ''if the suit be upon a contract, express or implied, shall consist of a statement of the account or of the nature of the demand, * * * and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend,'' etc.

In *Edgerton v. Chicago, R. I. & P. Ry. Co.*, 240 Ill. 311, the court held, in a fourth-class action, that a statement of claim laid in contract would support a judgment in tort, and said: ''As to this class of cases under the Municipal Court Act, where no written pleadings are required, the same rule will govern as

controls the form of actions before justices of the peace,'' and cited with approval, *Pollock v. McClurken,* 42 Ill. 371, in which latter case the court said: ''It is the well-settled practice, that, in such (justice) courts, the party suing need not name his action, or if misnamed, that will not affect his rights, if upon hearing the evidence he appears to be entitled to recover, and the court has jurisdiction of the defendant and of the subject-matter of the litigation.''

In *Gillman v. Chicago Rys. Co.,* 268 Ill. 305, the court (divided four to three) held in an action of tort that a statement of claim which did not allege either a duty or negligence of the defendant did not state a cause of action and was bad, as it did not state the nature of the wrong complained of; did not state an actionable wrong. The court there said: ''It is difficult to conceive how it is possible to show a tort done to the plaintiff without disclosing a cause of action.'' The deduction from that decision is that a statement of claim in actions of the fourth class, in tort, must state a cause of action. This is further confirmed by the language of Mr. Justice Dunn, in the *Gillman* case, *supra,* where he says, referring to *Walter Cabinet Co. v. Russell,* 250 Ill. 416: ''We held that the issue is made in the municipal court by the statement of claim, that the evidence must be limited by that statement, and that the issue cannot be enlarged by affidavits or oral claims.'' And the further language, ''such statement must show a legal liability of the defendant to the plaintiff.''

In *Enberg v. City of Chicago,* 271 Ill. 404, it was held by a divided court that a statement of claim in a fourth-class case in a suit, in tort, against the City of Chicago, need not set up that statutory notice of the injury had been given, even though in a common-law declaration it would be necessary. Both the *Egerton* and the *Gillman* cases, *supra,* are referred to and distinguished, and, it may logically be said, in part, at

least, qualified.   Mr. Justice Duncan in the *Enberg* case, *supra,* said: "The issues in actions of the fourth class, so far as pleadings are concerned, are to be indicated by the mere filing of a statement of claim for all demands, set-offs or counterclaims, which shall merely state the account or nature of the demand if the suit is on a contract express or implied, or if in tort, a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case.  The statement of an account is not a declaration at common law.  It is not a pleading in the sense of meaning of common-law pleadings.  Neither does the statement in tort required by said act rise to the dignity of a common-law declaration, in our judgment, requiring all the material or ultimate facts of a case to be stated or pleaded."

In *Lyons v. Kantor,* 285 Ill. 337, which was for malicious prosecution, on a statement of claim which did not aver a want of probable cause, the court said: "The defendants appeared and filed their affidavits of merits, basing their defense specifically upon the existence of the very element which the plaintiff had failed to deny,—probable cause,—and the case was tried upon that issue.  It was not an immaterial issue, for, although it was not alleged, the plaintiff could not recover without proving it, and the record shows that evidence was introduced by each of the parties on that issue.  *  *  *   The issue was introduced by the defendants instead of the plaintiff, but we will not, with the whole record before us, reverse the judgment for the purpose of letting the parties raise in a more formal way an issue of which they have already had the benefit of a full trial."

In *Sher v. Robinson,* 298 Ill. 181, which was in tort, on a statement of claim which did not aver due care upon the part of the plaintiff, the court, expressly sanctioning the determination in the *Enberg* case,

*supra,* said: "It is not necessary that the plaintiff's statement of claim should allege all the facts necessary to be proved on the trial but that it is sufficient if the statement reasonably informed the defendant of the nature of the case he is called upon to defend," etc. Also: "Moreover, in the municipal court it is sufficient to file in cases of this kind only such a statement of claim as will reasonably inform the defendant of the nature of the case, and it should be held that after verdict and judgment it must be presumed that proof was made as to the question of due care on the part of the plaintiff."

So, it will be seen, that the history of this subject shows the Supreme Court has considered, with great care, the important question of pleading in fourth-class cases in the municipal court, and, from an early inclination, as shown in the *Gillman* case, *supra,* towards the rigorous requirements of common-law pleading, that the statement of claim should state a cause of action, has reached the conclusion that all that should be required in such cases is a statement of sufficient facts reasonably to inform the defendant of the claim against him, and that it is not necessary to state sufficient facts to make out a cause of action.

In the instant case, we are of the opinion that the statement of claim, although it did not state a legal cause of action, was sufficient. Then, too, as there was a trial before the court and jury, both sides being represented and evidence introduced, and, as there is presented to us for review only the common-law record, we must assume that the evidence supported and justified the judgment.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.