## Robert Bunes and Yankel Bunes, Appellees, v. Arthur Sander, Appellant.

## Gen. No. 27,715.

MUNICIPAL COURTS—*sufficiency of statement of claim in action of the fourth class.* A statement of claim in an action of the fourth class, in the municipal court of Chicago, states facts sufficient to reasonably inform defendant of the claim against him and to sustain a judgment against him, especially where he appeared at the trial with counsel and made no objection to the statement of claim and the action was originally filed against a corporation defendant alone and then against defendant and another also, and was dismissed against the original defendant on the day of trial, where it is alleged that certain merchandise was delivered to defendant for carriage to Europe, and that transportation and insurance charges thereon were paid by plaintiffs, that the shipment had never been delivered to or received by the consignee or returned to the consignors, that demand has been made for payment of the value of the shipment and refund of the charges and that defendant has refused payment.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed May 9, 1923.

JESSE WILCOX, for appellant.

SAMUEL L. FREEDMAN, for appellees.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On August 1, 1921, the plaintiffs, Robert and Yankel Bunes, began suit against the defendant, Trans-Atlantic Packet Company, for the sum of $100. The statement of claim was as follows:

"That on November 21, 1919, they caused to be delivered to the defendant one case containing dry goods and merchandise of the value of $70.42 consigned to Yankel Bunes, Miasto Wilno Kalvareiska Ulom 94 Poland; and the said Trans-Atlantic Packet Company

accepted said shipment as a common carrier and agreed to transport and deliver same to said consignee.

"Plaintiffs further allege that they paid the said Trans-Atlantic Packet Company $14.62 as transportation charges for said shipment and $3.52 insurance thereon; plaintiffs further allege that said shipment has never been delivered to or received by said consignee, nor has same been returned to consignor, and that demand has been made for payment of the value of said shipment and refund of charges paid, but the said defendant has refused and still refuses to pay the amount to plaintiffs, whereas, they bring this suit."

To the statement of claim there was attached an affidavit stating that the suit was on a contract for the payment of money and that there was due to the plaintiffs from the defendant $88.66. On the same day a summons was issued against the defendant, Trans-Atlantic Packet Company, to answer to the plaintiffs, Robert and Yankel Bunes, in regard to their claim. That summons was duly served on the Trans-Atlantic Packet Company on August 2, 1921.

On August 8, 1921, an order was entered by the court giving the plaintiff leave "to amend all records, papers and proceedings in this cause by making Arthur Sander and Karl Stats additional party defendants," and ordering summons to issue; and on September 6, 1921, a summons was issued against "Arthur Sander and Karl Stats, co-partners doing business as Trans-Atlantic Packet Company, impleaded with Trans-Atlantic Packet Company (a corp.)," to answer unto Robert and Yankel Bunes.

On September 6, 1921, an amended præcipe and statement of claim was filed which was identical with the original statement of claim filed save that the title was changed to read "*Robert Bunes and Yankel Bunes v. Trans-Atlantic Packet Company, Arthur Sander and Karl Stats.*"

On September 12, 1921, the summons of September

6, 1921, was returned and recited that the writ had that day been served on Arthur Sander, and that a copy of the statement of claim had been delivered to him.

On January 12, 1922, on motion of the plaintiff, it was ordered that the suit be dismissed as to the defendant, Trans-Atlantic Packet Company. On the same day an order was entered which recites that the cause coming on in the regular course of trial before the court without a jury, and the court having heard the evidence and the arguments of counsel and being fully advised in the premises "finds the issues against the defendant, Arthur Sander, and assesses the plaintiff's damages at the sum of $88.66." Following that finding, a motion was made on behalf of the defendant for a new trial and also in arrest of judgment, both of which motions were overruled. Judgment was then entered upon the finding in favor of the plaintiffs against the defendant, Arthur Sander, in the sum of $88.66. This appeal is from that judgment.

It is contended on behalf of the defendant that the amended statement of claim does not state a cause of action against him, Arthur Sander, and that the motion in arrest of judgment should have been sustained.

At the time of the trial the record showed, considering the changes that had been made, a suit entitled Robert Bunes and Yankel Bunes v. Trans-Atlantic Packet Company, Arthur Sander and Karl Stats; that the Trans-Atlantic Packet Company had been dismissed out and that service had been had on the defendant, Arthur Sander. It also showed a statement of claim and an affidavit of merits which informed the defendant, Arthur Sander, that the plaintiff claimed that on November 21, 1919, the plaintiffs had caused "to be delivered to the defendant" certain merchandise to the value of $70.42; that certain payments had been made for transportation and insurance; that the "shipment has never been delivered to or received by said consignee, nor has same been returned to con-

signor'' and that ''demand has been made for·payment of the value of .said shipment and refund of charges paid, but the said defendant has refused and still refuses to pay the amount to plaintiffs, whereas, they bring this suit.'' The record also showed at the time of the trial an affidavit of claim and that there was due to the plaintiffs from the defendant $88.66.

Bearing in mind that this is a claim of the fourth class and that we have held in *McClunn v. Gillespie,* 227 Ill. App. 400, that it is not necessary that the statement of claim should show a cause of action, the question arises whether, under the circumstances in the instant case, the contention on behalf of the defendant is tenable. There was a trial before the court without a jury at which counsel for the defendant was present and made certain motions but the record shows that no objection was made in the nature of a plea in abatement or that the evidence offered was at variance with the statement of claim or that in any way attacked the statement of claim. It is true that the statement of claim, considering the judgment that was entered against the defendant, Arthur Sander, may be considered as ambiguous, bearing in mind that, evidently, it was originally intended as a statement of claim of a charge against the Trans-Atlantic Packet Company, but when we consider that the Trans-Atlantic Packet Company was dismissed out of the case, that the defendant, Sander, was made a party defendant and was duly served, and that the record shows that he was charged with being indebted to the plaintiffs in a certain sum, we feel bound to conclude that it is sufficient to support the judgment. Of course, we would be loath to hold the defendant if it appeared, by any possibility, that some injustice might be done to him by not requiring a more apt and specific statement of facts concerning the charges made against him. This court held in the recent *McClunn* case, *supra,* after careful analysis of many important cases on the subject of pleading in the municipal court, in

fourth-class cases, that all that is required "is a statement of sufficient facts reasonably to inform the defendant of the claim against him; and that it is not necessary to state sufficient facts to make out a cause of action."

Feeling bound to believe, from the record as it appears before us, that the defendant and his counsel at the trial knew the nature of the cause of action which was then being prosecuted against the defendant, and were sufficiently informed by the pleadings, we are of the opinion that the judgment must stand.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.