**Andrew Siotka and Christie Siotka, trading as Siotka Brothers, Appellants, v. M. Rappaport, trading as Rappaport Fur Shop, Appellee.**

**Gen. No. 28,789.**

1. MUNICIPAL COURTS—*pleading custom as defense as prerequisite to admission of evidence thereof.* In a fourth-class case in the municipal court where the defendant is required to file an affidavit of merits setting forth the nature of his defense, and defendant relied upon a custom in the fur trade under which an agent to sell goods has implied authority to accept a return of goods and cancel sales, as a defense to an action by a manufacturer for the price of a fur coat, such custom being contrary to the general rule, defendant should be required to so state in his affidavit of merits and, in the absence of such statement, should not be permitted to introduce evidence on the subject.

2. PLEADING—*sufficiency of affidavit of defense setting up custom as defense to admit evidence thereof.* In an action by a manufacturer against defendant for the price of a fur coat sold through an agent, the affirmative defense that defendant had returned the coat to the agent who had agreed that it might be so returned and defendant given credit therefor did not reasonably inform plaintiff that defendant would rely upon an alleged trade custom to the effect that in the fur business an agent to sell has an implied authority to rescind and accept a return of the goods and on objection to evidence offered to show such custom should have been sustained.

Appeal by plaintiffs from the Municipal Court of Chicago; the Hon. JOSEPH W. SCHULMAN, Judge, presiding. Heard in the third

division of this court for the first district, at the October term, 1923. Reversed and remanded. Opinion filed October 30, 1924.

JULIUS A. POLIKOFF, for appellants.

O'BRIEN, PRYSTALSKI & OWEN, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

The plaintiffs brought this action to recover the purchase price of a fur coat, sold and delivered to the defendant, which was $285. The defendant filed an affidavit of merits setting forth "that he returned the * * * coat, and holds plaintiffs' receipt therefor; that it was agreed by the plaintiff, through its duly authorized agent that the * * * coat should be returned, and defendant given credit for $285." This issue was submitted to the trial court without a jury, resulting in a finding for the defendant and judgment accordingly, to reverse which the plaintiffs have perfected this appeal.

In our opinion, the evidence in the record is sufficient to establish that one James H. Goldberg was the duly qualified sales agent of the plaintiffs in Chicago. The plaintiffs were engaged in the fur business in New York. The purchase of the coat in question, by the defendant, was made through Goldberg, who also had a place of business in Chicago, and the coat was shipped direct to the defendant by the plaintiffs, by express from New York. The evidence further shows that the defendant telephoned Goldberg and told him he could not use the coat and Goldberg told the defendant to deliver the coat to him "because he could use it in his store," and it is further established by the evidence that the defendant did deliver the coat to Goldberg. It was never returned to the plaintiffs.

It is admitted by the defendant that authority in an agent to sell does not, as a general rule, include an implied authority to rescind or cancel the sale. It

is not contended by the defendant that any express authority was given to Goldberg by the plaintiffs to do anything beyond making sales of goods. But it is the defendant's position that there was a well-known and established custom in the fur business "for manufacturers' agents or brokers to accept for and on behalf of manufacturers and wholesalers, for whom they are acting as brokers and representatives, such goods as the retailer desires to return to said wholesaler, or fur manufacturer, by reason of their not having proven satisfactory or for any other reason." In other words, it is apparently the defendant's contention that all sales from fur manufacturers to retailers through agents are sales on approval and that the established custom in the trade is that in all such transactions, if the retailer elects to return goods so purchased, the manufacturer's agent has the implied authority to accept them from the retailer on behalf of the manufacturer. The defendant introduced evidence to this effect, over the objections of counsel for the plaintiffs.

We are of the opinion that on the state of the pleadings, as shown by the record, the objection to this evidence should have been sustained. It is, of course, true, as the defendant contends, that "a person entering into a contract, in the ordinary course of business, is presumed to have done so with reference to any existing general usage or custom relating to such business." Counsel have called our attention to authorities giving the rule as to the admissibility of evidence as to custom applicable to common-law proceedings, certain authorities being to the effect that evidence of a general custom is admissible without being specially pleaded, and other authorities being to the contrary. It is our opinion in the case at bar, it being a case of the fourth class in the municipal court, where the defendant is required to file an affidavit of merits setting forth the nature of his defense,

if the defendant relies upon a custom of the fur trade, under which an agent to sell goods has an *implied* authority to accept a return of goods, and cancel sales, such custom being contrary to the general rule of law in that respect, he should be required to so state in his affidavit of merits, and in the absence of such statement in his pleadings he should not be permitted to introduce evidence on the subject.

Under the rules of pleading affecting a statement of claim in a fourth-class action in the municipal court, it is required that the plaintiff state sufficient facts to reasonably inform the defendant of the nature of the case. *McClunn v. Gillespie*, 227 Ill. App. 400, and cases there cited. Likewise, if the defendant in such an action is relying upon an affirmative defense, he should be required to state sufficient facts in his affidavit of merits to reasonably inform the plaintiff of the nature of the defense relied upon. And if the defendant files an affidavit of merits, containing a statement of sufficient facts to make out an affirmative defense, he should not, on the trial, be permitted to introduce evidence of a fact not pleaded, unless the facts which were pleaded were such as to reasonably inform the plaintiff that the defense relied upon necessarily involved the fact so sought to be proven. In the case at bar the facts which constituted the affirmative defense relied upon by the defendant as to the coat involved in this case were that he had returned it to the plaintiffs' duly authorized agent who had agreed with the defendant that it might be so returned and the defendant given credit therefor. Such an affidavit of merits, in our opinion, does not contain sufficient facts to reasonably inform the plaintiff that the defendant is going to rely upon an alleged trade custom, to the effect that in the fur business an agent to sell has an implied authority to rescind and accept the return of goods, such a custom being contrary to the general rule of law, that

an agent to make sales does not have authority to rescind sales, unless expressly so authorized. The other rule of law to the effect that parties are presumed to contract in the light of established trade customs, of course, has nothing to do with the rules of pleading. The affidavit of merits filed here set up a good affirmative defense to the effect that the coat in question had been returned to the plaintiffs' agent who had been "duly" authorized to accept such return. That, in the absence of more, meant authorized according to law, which means expressly authorized. The pleading of only those facts was not sufficient reasonably to inform the plaintiff that the defendant proposed to rely upon a trade custom, which was the contrary of the general rule and under which an agent to sell had the power to rescind sales and accept the return of goods although never expressly so authorized by his principal. On that state of the pleadings, when the defendant, in making out his affirmative defense, proposed to make proof of a fact not pleaded, of which plaintiffs had not been reasonably advised by such pleading, it was not necessary for him to claim surprise and ask for an opportunity to meet the proposed proof, but it was entirely sufficient for him to do as he did, object to the proof offered on the ground that the pleading was not such as to admit it. That objection should have been sustained. If it had been and the defendant had been given leave to amend his affidavit of merits, and he had done so and added an allegation covering the alleged custom, then it would have been appropriate for plaintiffs to ask for time to bring in their proof to meet that proposed under the amended pleading.

For the reasons stated, the judgment of the municipal court is reversed and the cause is remanded to that court for a new trial.

*Judgment reversed and cause remanded.*

O'CONNOR, P. J., and TAYLOR, J., concur.