## The People of the State of Illinois, Defendant in Error, v. Amos Ross, Plaintiff in Error.

1. CRIMINAL PROCEDURE—*necessity of clerk's certificate to bill of exceptions.* A purported bill of exceptions, signed only by the trial judge and not certified by the clerk as part of the transcript of the record and seeking to show matters not proper to a bill of exceptions, is no bill of exceptions.

People v. Ross, 243 Ill. App. 427.

2. CRIMINAL PROCEDURE—*showing amendments of information in record*. The proper method of showing wherein an information is amended is by setting out the original information and the amended information in the transcript, not in the bill of exceptions.

3. CRIMINAL PROCEDURE—*incorporating motion for new trial in bill of exceptions*. A motion for new trial does not become part of the record for appeal unless it is incorporated in the bill of exceptions; the mere recital by the clerk in writing up the judgment or in preparing the transcript that the motion was overruled and there was an exception will not suffice.

4. CRIMINAL PROCEDURE—*motions and rulings as part of common-law record*. The common-law record, or record proper, includes the declaration, pleas, demurrer, judgment, interlocutory or final, motions to quash and motions in arrest of judgment and the court's rulings thereon, and errors therein are reviewable without exceptions, and therefore such motions and rulings are not required to be incorporated in a bill of exceptions.

5. CRIMINAL PROCEDURE—*objection to sufficiency of affidavit to information*. Objection to the sufficiency of an affidavit to the information may be raised by a motion to quash or in arrest.

6. INTOXICATING LIQUORS—*sufficiency of information charging unlawful possession*. An information which charges that the defendant, on a certain date, at and within a named town did then and there unlawfully possess intoxicating liquor intended for use in violating the Prohibition Act, Cahill's St. ch. 43, while the said town was then and there prohibition territory, does not charge the commission of a crime.

7. CRIMINAL PROCEDURE—*verification of amended information*. Where an information which, as originally drawn, is insufficient to charge the commission of a crime, is amended by the insertion of words which do charge a crime, the information as amended must be resworn to.

8. INTOXICATING LIQUORS—*sufficiency of information charging unlawful possession*. Under Cahill's St. ch. 43, ¶ 3, an information which charges that defendant possessed intoxicating liquor without a permit from the attorney general suffices to charge an offense without averring that he possessed the liquor for sale purposes.

9. CRIMINAL PROCEDURE—*limitation of prosecution as tolled by insufficient information*. Even though an information is insufficient to charge a crime it may be sufficient to prevent the running of the statute of limitations in favor of defendant and permit the filing of an amended information.

Error by defendant to the County Court of Hamilton county; the Hon. JAMES M. LEE, Judge, presiding. Heard in this court at the March term, 1926. Reversed and remanded. Opinion filed February 19, 1927.

GEORGE W. HOGAN, JR., and R. E. SMITH, for plaintiff in error.

WHITSON W. DAILY, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The information, as originally drawn, charged that plaintiff, on February 10, 1924, at and within the town of McLeansboro, in Hamilton county, Illinois, did then and there unlawfully possess intoxicating liquor intended for use in violating the Prohibition Act of Illinois [Cahill's St. ch. 43], while the said town of McLeansboro was then and there prohibition territory. Plaintiff entered a motion to quash and before it was passed upon, the State's attorney, by leave of court, amended the information by striking out the words, "while the said town of McLeansboro was then and there prohibition territory," and by inserting in place thereof the following: "Said liquor then and there containing more than one-half of one per cent of alcohol by volume and fit for beverage purposes without him, the said Amos Ross, having then and there a permit from the Attorney General of the State of Illinois to so possess said liquor as aforesaid which said Act was then and there prohibited and unlawful."

Plaintiff then moved to quash the information as amended for the reason that it was not resworn to and that it did not aver that he possessed the liquor for the purpose of sale. The motion was overruled, a plea of not guilty entered, and the trial resulted in a verdict of guilty. There was a motion in arrest of judgment based on the same grounds mentioned in the motion to quash the amended information. The motion in arrest was overruled and plaintiff was sentenced to the Illinois State Farm at Vandalia for 65 days and to pay a fine of $125.

Plaintiff in error has assigned errors to the effect that the court erred in denying his motion for a new trial, in denying his motions to quash and in arrest of judgment, and in rendering judgment against him. There is no bill of exceptions in this case. There is a purported bill which simply shows wherein the information was amended. It was signed by the judge of the trial court, but was not certified by the clerk as a part of the transcript of the record. The matter sought to be shown therein is really not such as is proper to be shown in a bill of exceptions. In preparing the transcript the clerk of the trial court should have set out the information as originally drawn and then set it out as it was amended. In his certificate to the transcript, however, he has shown just how the information was amended, and we think it is sufficient, without regard to the purported bill of exceptions.

A motion for a new trial does not become a part of the record unless it is incorporated in the bill of exceptions. *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69. It is not sufficient that the clerk in writing up the judgment, or in preparing the transcript, recites the denial of a motion for a new trial and an exception thereto. *People v. Faulkner,* 248 Ill. 158; *Greenwell v. Hess,* 298 Ill. 459. We cannot consider the question as to whether the court erred in overruling the motion for a new trial.

The defendant insists that as the motions to quash and in arrest of judgment, and the rulings of the court thereon, and exceptions thereto, were not incorporated in a bill of exceptions, the alleged errors in that regard cannot be considered. We are satisfied that such is not the law. The common-law record, or the record proper, includes the declaration, pleas, demurrer, and judgment on demurrer or other judgment, interlocutory or final. *Baldwin v. McClelland,* 152 Ill. 42; *Hagen Paper Co. v. East St. Louis Pub. Co.,* 269 Ill. 535. The pleadings are a part of the record proper

and any alleged error in decisions thereon are reviewable without a bill of exceptions. *Bennett v. Union Cent. Life Ins. Co.*, 203 Ill. 439. There is no more necessity for excepting to the ruling of the court upon the motion to quash an indictment, than there would be in excepting to the ruling of the court upon a demurrer to a plea or declaration. *Baker v. People,* 105 Ill. 452.

In *Mix v. Nettleton,* 29 Ill. 245, the appellant's motion in arrest of judgment was denied. He insisted that an action of debt would not lie upon the instrument declared on. The court said: "By the motion in arrest the question was preserved, and this without excepting to overruling the motion. The decision on the motion in arrest is precisely of the same character as a judgment on a demurrer. They both alike question the sufficiency of the record to sustain the judgment."

In *Nichols v. People,* 40 Ill. 395, the court said: "A motion in arrest of judgment was also overruled, and unnecessarily excepted to, as such a motion saves itself upon the record, without the necessity of a bill of exceptions, that being necessary only when it is important to get some extrinsic matter upon the record." In *People v. Depew,* 237 Ill. 574, the court said: "Nor did the motion in. arrest of judgment raise the question of a variance between the evidence and the bill of particulars. Such motion raises only questions appearing on the face of the record, while the question of variance arises upon the evidence and. can only be shown by a bill of exceptions."

It has been held that the overruling of a motion to quash may be assigned as error and considered without a bill of exceptions. *City of El Paso v. Hoagland,* 129 Ill. App. 401. The ruling on a motion in arrest of judgment may be reviewed without a bill of exceptions. *Horn v. Young,* 171 Ill. App. 284.

We are well aware of the fact that in *Greenwell v. Hess*, 298 Ill. 459, and in *Commissioners of Savannah & York Drainage Dist. v. De La Vergne*, 298 Ill. 480, the court said—it was a well-established rule in law cases, that in order to be preserved as a part of the record, all motions, including motions for a new trial and in arrest of judgment, must be preserved in a bill of exceptions. The question as to whether a motion in arrest of judgment should be so preserved was not involved in either of those cases, and we are satisfied that the statement of the court is too broad. Motions to quash and in arrest test the sufficiency of the information or indictment. It is unnecessary to save an exception to the ruling of the court on such motions and that being true there is no occasion for a bill of exceptions so far as those matters are concerned.

An exception is unnecessary to preserve what already appears of record. If an amended information is not sworn to and a motion to quash is overruled, the ruling of the court thereon may be reviewed without an exception. *People v. Zlotnicki*, 246 Ill. 185. An affidavit on information and belief is not sufficient to support an information charging violation of the Prohibition Act, and an amendment striking from the affidavit the words ''as he is informed and verily believes'' is not sufficient, unless the affiant is resworn to the affidavit. *People v. Shockley*, 311 Ill. 255.

The objection to the sufficiency of an affidavit to the information may be raised by a motion to quash or in arrest. *People v. Arey*, 318 Ill. 305. Where an information filed by the State's attorney was not supported by an affidavit it was held that the court erred in denying motions to quash and in arrest. *People v. Clark*, 280 Ill. 160.

In the case at bar the information as originally drawn was wholly insufficient to charge the plaintiff with the commission of a crime. The amendment was in a matter of substance and not of mere form.

Under the authorities above cited the information when amended should have been resworn to. Plaintiff promptly raised the point by a motion to quash and after conviction and before judgment again presented the question by a motion in arrest. He did not waive his rights in that regard but has properly preserved the question and insists upon it in this court. It is suggested by defendant in error that this is a constitutional question, but as it has been expressly determined by the Supreme Court we feel it our duty to pass upon the question instead of transferring the case to that court. The case stands in the same position as if plaintiff had been tried upon an original information, not verified, after his motion to quash had been overruled.

The amended information charged a violation of section 3 of the Prohibition Act [Cahill's St. ch. 43, ¶ 3] even though it did not aver that plaintiff possessed the liquor for the purpose of sale. Under that section of the statute it is sufficient to aver that he possessed the liquor without having a permit from the Attorney General. *People v. Martin,* 314 Ill. 110–114. Plaintiff argues that at the time the information was amended the statute of limitations had run and for that reason it was error to render judgment against him. The original information attempted to charge the offense of unlawfully possessing liquor in violation of the Prohibition Act but it was insufficient. Plaintiff's contention in this regard is fully answered in *People v. Buckner,* 281 Ill. 340. The judgment is reversed and the cause remanded.

*Reversed and remanded.*