Blackstone Shop, Appellee, v. Samuel M. Ashman and Mrs. Samuel M. Ashman, Appellants.

Gen. No. 32,702.

Opinion
filed November 19, 1928.

BLUM & JACOBSON and KLAAS & PORTER, for appellants; HARRY H. PORTER and MARTIN S. GORDON, of counsel.

AARON SOBLE, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the defendants, husband and wife, who seek to reverse a judgment in the sum of $175 entered against them upon the finding of the court. The bill of exceptions has heretofore been stricken, and we may therefore consider only such errors as are assigned and argued upon the common-law record.

The statement of claim alleged that the defendants were husband and wife, living together in the city of Chicago, and that on August 19, 1927, Mrs. Ashman purchased from the plaintiff a blue velour coat at the agreed price of $175 and had the same altered at the agreed price of $10; that said coat after it was altered was delivered to the said defendants who refused to accept it, and that the coat was held by the plaintiff as bailee for the defendants.

In another paragraph it is alleged that the coat constituted a family expense within the purview of paragraph 15 of chapter 68 of Cahill's Illinois Revised Statutes; that repeated requests for the payment had been made, which were refused.

The affidavit of merits admits defendants were husband and wife living together, but denies that Mrs. Ashman purchased the coat at the alleged price; denies that it was altered at their request for which there was to be a charge of $10, and states that not having ordered the coat defendants refused to accept the same. The record shows a motion in arrest of judgment by defendants, which was overruled.

It is argued for the defendants that the statement of claim failed to state a good cause of action against the husband, Samuel A. Ashman, and that the motion in arrest of judgment should therefore have been allowed. On the other hand, the plaintiff contends that since the bill of exceptions has been stricken, this point does not arise on the record for the reason, as it is contended, that the motion in arrest of judgment must be preserved by bill of exceptions. In support of this contention *Greenwell v. Hess,* 298 Ill. 459; *Commissioners of Savannah & York Drain. Dist. v. De La Vergne,* 298 Ill. 480, are cited and relied on. There is language in the opinions in these cases that would seem to be broad enough to sustain this view.

In *People v. Ross,* 243 Ill. App. 427, the Appellate Court for the fourth district reviews the authorities, including *Mix v. Nettleton,* 29 Ill. 245; *Nichols v. People,* 40 Ill. 395; *People v. Depew,* 237 Ill. 574; *Horn v. Young,* 171 Ill. App. 284, and points out that the question as to whether a motion in arrest of judgment should be preserved by bill of exceptions was not involved in either *Greenwell v. Hess* or *Commissioners of Savannah & York Drain. Dist. v. De La Vergne, supra,* and concludes that the statements in the opinions filed in those cases are too broad. With this conclusion we agree. We think therefore the question of whether the statement of claim states a cause of action may be properly argued upon this record.

It is urged that the statement is defective and insufficient to set forth a family expense for which the

husband is liable, because it appears therefrom that the coat in question was not actually received into and kept for use in the family, and *Robertson v. Warden,* 197 Ill. App. 478, is cited to that point. In that case the plaintiff sought to recover against the defendant husband for the price of a dress made for the wife upon her order and sent to her residence and by her returned to the plaintiff for alterations. The plaintiff made the alterations and sent it again to the wife, who refused to accept it. This court, on the authority of *Fitzgerald v. McCarty,* 55 Iowa 702, 705, and *Straight v. McKay,* 15 Colo. App. 60, 60 Pac. 1106, held that it was not sufficient to charge a husband under the statute to show that an article was purchased for the wife on account of and with the intent that it be used in the family, if it was in fact never used therein or by any member of the family. The judgment for plaintiff was reversed.

Plaintiff cites *Whitney, Inc. v. Mandel,* 218 Ill. App. 316, but an examination of that case discloses that the case there turned upon an issue of fact, namely, whether the article sold had been accepted and kept for use. It was held that the article had been so kept and used. The cases are therefore not analogous.

The statement of claim here shows that the coat was not accepted, and the fair inference is that it was not used since the statement says it was returned to the plaintiff who holds it as bailee for the defendants. We hold that the statement of claim does not state a cause of action against the defendant husband under the statute. We are not, however, unaware of the rule which obtains in actions of the fourth class in the municipal court to the effect that technical written pleadings are unnecessary, and in the absence of a bill of exceptions we will presume that the defect was cured by verdict. *McClunn v. Gillespie,* 227 Ill. App. 400; *Sher v. Robinson,* 298 Ill. 181; *Winitt v. Kornblith,*

248 Ill. App. 108. That rule was applied in these cases where the statements of claim failed to set forth certain essential elements of a cause of action. In the absence of a bill of exceptions, it was apparent that the court or jury could not have made the finding or the court entered the judgment without such proof, and the apparent error was therefore presumed to have been cured by the verdict or finding of the court.

Here, however, the defect in the statement of claim does not merely amount to an omission of an essential element but to affirmative allegations which conclusively show that according to the law the plaintiff has no right to recover against the defendant husband. Such being the state of the record, it was error to deny the motion in arrest, and for that error the judgment must be reversed.

*Reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.